## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

Plaintiff/Petitioner -
Appellant/Appellee,

v.

No. **22-3183**

Appellant's Opening Brief

*APPELLANT'S SUPPLEMENTAL OPENING BRIEF*

Defendant/Respondent -
Appellant/Appellee.

## NOTICE AND INSTRUCTIONS

If you proceed on appeal pro se, the court will accept a properly completed
Form A-12 in lieu of a formal brief.   This form is intended to guide you in presenting
your appellate issues and arguments to the court.   If you need more space, additional
pages may be attached.   A short statement of each issue presented for review should
precede your argument.   Citations to legal authority may also be included.   This brief
should fully set forth all of the arguments that you wish the court to consider in
connection with this case.

New issues raised for the first time on appeal generally will not be considered.   An
appeal is not a retrial but rather a review of the proceedings in the district court.   A copy
of the completed form must be served on all opposing counsel and on all unrepresented
parties and a proper certificate of service furnished to this court.   A form certificate is
attached.

NOTE: BECAUSE KDOC HCF AND EDCF HAVE RETALIATED
AGAINST ME SO MUCH, AND DESTROYED MY OFFICIAL/LEGAL PAPERS,
NOT E-FILED MY LEGAL PAPERS, WITHHELD MY LEGAL MAIL FOR
(24)DAY, (12) DAYS ETC, AS WELL THE ELECTRIC FILING NOTICES,
AND REFUSE ME LAW LIBRARY AND CANTEEN AND COPY
TICKETS AND PENS, AND MY LEGAL MATERIALS, I WAS
WORRIED TO MISS MY TIME TO FILE AND IN A PANIC
I FILED MY FIRST OPENING BRIEF TOO FAST, BUT
IM ADDING THE 2ND SUPPLEMENTAL OPENING BRIEF NOW →

**APPELLANT/PETITIONER'S OPENING BRIEF**

**1. Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.) THE DISTRICT COURT HAS NOT HEARD MY ACTUAL CASE. THE SCREENING JUDGE SAM A. CROW ATTACKED ME WITH ORDERS TO SHOW CAUSE WHY HE SHOULDN'T DISMISS MY CASE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES, AND FILING MY CASE AFTER THE STATUTE OF LIMITATIONS EXPIRED, BUT IT WAS WITHIN THE TWO YEAR STATUTE OF LIMITATION TIME PERIOD, AND I DID EXHAUST MY ADMINISTRATIVE REMEDIES. AND ALTHOUGH JUDGE CROW ALLOWED MY CASE TO PROCEED AFTER I CONVINCED HIM THAT I EXHAUSTED AND WAS NOT TIME-BARRED HE DISMISSED TWO DEFENDANTS, THE WARDEN AND NURSE, AND THAT WAS WRONG. THE NURSE DENIED ME MEDICAL TREATMENT ALTOGETHER ONCE SHE FOUND OUT A GUARD ATTACKED ME, AND THE WARDEN REFUSED TO DO HIS JOB AND HOLD STAFF ACCOUNTABLE, HARASSED ME, RETALIATED AGAINST ME DESTROYED MY GRIEVANCE OR DID NOTHING TO STAFF THAT DID, INCORRECTLY DENIED MY INJURY CLAIM AND ALLOWED ABUSIVE STAFF TO CONTINUE TO WORK AT HIS.

**2. Statement of Facts Relevant to the Issues Presented for Review.**

1.) UNIT TEAM PETTIJOHN IS WHO DIRECTED ME TO FILE A INJURY CLAIM, WHICH I DID.

2.) I FILED FORM-9'S AND GRIEVANCES, BUT STAFF DESTROYED THEM.

3.) THE UNIT TEAM, WARDEN AND SECRETARY OF CORRECTIONS IS WHO RULES ON <u>INJURY CLAIMS</u>.

4.) THE UNIT TEAM, WARDEN, AND SECRETARY OF CORRECTIONS IS WHO RULES ON <u>GRIEVANCES.</u>

5.) THE POLICY/RULE BOOK STATES IN RELEVANT PART,... "THE GRIEVANCE PROCEDURE <u>SHALL</u> <u>NOT BE USED IN ANY WAY AS A SUBSTITUTE FOR</u>, OR AS PART OF, THE INMATE DISCIPLINARY PROCEDURE THE CLASSIFICATION DECISION-MAKING PROCESS, OR THE PROPERTY LOSS OR PERSONAL <u>INJURY CLAIMS PROCEDURE</u>...." (SEE K.A.R. 44-15-101 a. (R)

6.) WHEN I FILED MY LAW SUIT, THE LAW SAID I ONLY NEEDED TO FILE ONE OR THE OTHER; AN INJURY CLAIM OR GRIEVANCE, BUT AFTER I FILED MY CASE THE LAW IS SUPPOSED TO OF CHANGED THAT THEN SO THAT I MUST FILE A INJURY CLAIM AND GRIEVANCE ON THE SAME THING, RULES OR BY THE SAME PERSON OFFICIAL, WHICH IS EXHAUSTING MY ADMINISTRATIVE REMEDIES NOT ONCE, BUT TWICE, WHICH I DID, BUT THE LAW SHOULD NOT EFFECT MY CASE, AS IT WASN'T LAW WHEN I FILED.

7.) WHEN MY FORM-9'S WERE NOT ANSWERED/RETURNED I FILED A COMPLAINT ON THAT FACT.

8.) THE INJURY CLAIM AND GRIEVANCE PROCEDURE IS A CATCH 22, TRICKY, AND KDOC STAFF THEMSELF GET MISLEAD, AND CONFUSED ON WHICH IS THE PROPER ADMINISTRATIVE REMEDY TO BE EXHAUSTED FOR AN ISSUE. (SEE ATTACHED FORM-9 DATED 7-12-2022) IT WAS ANSWERED/RETURNED TO ME BY UNIT TEAM BUCHHOLZ AT ELDORADO CORRECTIONAL FACILITY. (EXHIBIT-A)

9.) I WANT ALL MY FACTS, STATEMENTS, ARGUMENTS, CASES IN MY TWO RESPONSES TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT TO BE RESTATED IN FULL IN MY OPENING BRIEF AND SUPPLEMENTAL OPENING BRIEF AS IF THE SAME WAY RESTATED HEREIN.

10.) SUMMARY JUDGMENT WAS INAPPROPRIATE AS I DESTROYED EVERYTHING DEFENDANTS CLAIM I DID, AND I SUPPORTED EVERYTHING I STATED AND DEFENDANTS MOTION SHOULD HAVE BEEN DENIED FOR LAW. 6 GENUINE ISSUES OF MATERIAL FACTS WERE/ARE PRESENT, AND IT SHOULD HAVE WENT TO TRIAL MY COMPLAINT IS A VERIFIED COMPLAINT AND WAS FINE TO USE IN RESPONDING TO SUMMARY JUDGMENT

I'M CONTINUING FROM MY FIRST OPENING BRIEF. THATS WHY IT SAYS THE THIRD ISSUE ("MR BROWN" IS APPELLANT)

**3. Statement of Issues.** THIS ISSUE ALONE SHOULD END ANY EXHAUSTION OF ADMINISTRATIVE REMEDIES ARGUMENTS, IF NOT GOON

THIRD ↓

( C₀ ) ~~First~~ Issue: THE INJURY CLAIM SUBMITTED ON 9-21-2018 BY MR BROWN WAS FINALLY EXHAUSTED BY H.C.F. EMPLOYEE'S/DEFENDANTS AND RETURNED TO MR BROWN ON 4-17-2019. MR. BROWN NEXT FILED A GRIEVANCE WITHIN (5) DAYS OF DISCOVERY OF THE DENIED INJURY CLAIM ON 4-25-2019.

**Argument and Authorities:** MR BROWNS ADMINISTRATIVE REMEDIES WERE IN FACT EXHAUSTED WITH THESE TWO PROCESSES. FIRST OF ALL UNIT TEAM PETTIJOHN ASSURED MR BROWN HE WOULD APPROVE THE INJURY CLAIM OR SOMEONE ELSE WOULD, IF HE WASN'T WHO DID IT. U.T. PETTIJOHN HAD MR BROWN ESCORTED TO HIS OFFICE TO TELL MR BROWN THIS ON 9-19-2018, GAVE MR BROWN THE INJURY CLAIM, AND DIRECTED MR BROWN TO FILE THE CLAIM, WHICH MR BROWN DID. NOW WHEN BROWN GOT THE INJURY CLAIM BACK, AND SAW U.T. PETTIJOHN RECOMMENDED IT BE DENIED, AND MR. BROWN DISCOVERED U.T. PETTIJOHN HAD LIED TO HIM, MR BROWN FILED A GRIEVANCE WITHIN (15) DAYS OF THAT DISCOVERY ON 4-25-2019.

CONTINUE ON ATTACHED PAGE →→→→→

( d. ) ~~Second~~ Issue: I INVOKED THE GRIEVANCE PROCEDURE SUBMITTED FOURTH FORM-9'S, WHICH IS THE FIRST STEP IN THE GRIEVANCE PROCESS, ONLY TO HAVE KDOC STAFF DESTROY MY FORMS; AS IS A LONG HELD KDOC RETALIATORY TACTIC/PRACTICE. DEFENDANTS CLAIM I DIDN'T

**Argument and Authorities:** FILE GRIEVANCES, IS A LIE!!!

LETS LOOK AT (DOC NO. 30, EXH. E-12) THAT IS A FORM-9 RECEIPT SIGNED BY H.C.F. STAFF (C/O BAKER) DATED 2-5-2019 THAT WAS NEVER ANSWERED/RETURNED TO ME. THEN LOOK AT (DOC. NO. 33, EXHIBIT - L) THIS IS ANOTHER FORM-9

RECEIPT DATED 12-2-2018, ALSO ABOUT THE ATTACK AGAINST ME ON 9-13-2018 SIGNED BY STAFF (C/O ____) AT H.C.F. AND ABOUT IT BEING THE 2ND (SECOND) FORM-9 I SUBMITTED ABOUT THE 9-13-2018 ATTACK AGAINST ME, THAT WAS NOT ANSWERED/RETURNED TO ME AND/OR WAS DESTROYED WHICH I HAD A HANDWRITTEN COPY OF AND THAT I ATTACHED TO A GRIEVANCE AND BOTH WERE DESTROYED. IT'S VIOLATING MY FIRST AMENDMENT RIGHT, MAKING THE GRIEVANCE PROCEDURE UNAVAILABLE. NOW LOOK AT DOC. NO. 33, EXHIBIT - L-1 AND L-2) I SUBMITTED

A FORM-9, GRIEVANCE WITH U.T. PETTIJOHN'S REPLY REGARDING C/I SIMPSON ATTACKING ME AND U.T. PETTIJOHN JUST STANDING THERE WATCHING, AND U.T. PETTIJOHN SAYS HE SIGNED MY RECEIPT AND

Page 3

SENT THE GRIEVANCE TO THE WARDEN. I DID WHAT I WAS SUPPOSE TO, SEVERAL TIMES! OVER, AND OVER AND OVER! NOW THESE RECEIPTS ARE SIGNED BY STAFF THAT TOOK THE PAPER WORK, SO ITS NOT A ARGUMENT OF IF BROWN SUBMITTED THESE FORM'S AND GRIEVANCES

SEE ATTACHMENT →

**4. Do you think the district court applied the wrong law? If so, what law do you want applied?** YES, THE LAW THAT SAYS WHEN STATE DESTROY MY FORM 9'S/GRIEVANCES THE REMEDY IS UNAVAILABLE. THAT SUMMARY JUDGMENT WAS NOT APPROPRIATE BECAUSE I DEMONSTRATED THERE'S GENUINE ISSUES TO THE MATERIAL FACTS. JOHNSON V. TRUE, 125 F SUPP 2d 186, 188-89 (W.D. VA, 2000) HOLDING ALLEGATION THAT EFFORTS TO EXHAUST WERE FRUSTRATED BY STAFF RAISED ISSUE OF MATERIAL FACTS, ALL THE CASE LAW I'VE WROTE DOWN.

**5. Did the district court incorrectly decide the facts? If so, what facts?** ALL FACTS. THE FACTS ON MY INJURY CLAIM DATED 9-21-2018, EXHAUSTED 4-17-2019, AND MY GRIEVANCE DATED 4-25-2019 (31) EXHAUSTED ON 9-30-2019 SATISFYING MY DUTY TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES. AND KDOC'S POLICY SAYING I CAN ONLY FILE ONE OR THE OTHER. KAR 44-15-101 (d)(2)

**6. Did the district court fail to consider important grounds for relief? If so, what grounds?** GROUNDS FOR RELIEF? NO, MY REQUEST FOR RELIEF WERE IGNORED. THE ACTUAL CASE WAS IGNORED DUE TO THIS CRAZY FALSE, EXHAUSTION ARGUMENT THE COURT MADE IN SCREENING, THEN DEF'S BROUGHT IT UP, BUT WHAT I ASK FOR (RELIEF) WAS NOT ADDRESSED.

**7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?** YES, SEVERAL, KDOC'S POLICY SAYING A I'M CAN'T FILE A INJURY CLAIM AND A GRIEVANCE ON THE SAME THING, AND THE COURT SAID I ONLY HAD TO FILE ONE OR THE OTHER WHEN I FILED MY CASE THEN CHANGED AFTER, AND STAFF DESTROYING MY FORM 9'S/GRIEVANCES MAKE THE REMEDY UNAVAILABLE. THEY ALSO IGNORED THE FACT THAT I SUBMITTED LIKE A HUNDRED PAGES OF EXHIBITS SHOWING HOW KDOC STAFF DESTROY I'M FORM 9/GRIEVANCES AND IT IS IGNORED BY THE TRIBUNAL.

**8. What action do you want this court to take in your case?** TO RULE MY INJURY CLAIM AND 4-25-2019 (31) GRIEVANCE SATISFY MY EXHAUSTION REQUIREMENTS PER THE PLRA AND KDOC'S EXHAUSTION OF ADMINISTRATIVE REMEDIES PROCESS, AND SEND MY CASE BACK TO THE DISTRICT COURT TO PROCEED. TO RULE THAT THE POLICY SAYS A I'M ONLY NEEDS TO EXHAUST ONE OR THE OTHER AS IN LEWIS V. CARRELL, 2015 U.S. DIST. LEXIS (0972) REDFORD V. STATE ex rel. DEPT OF CORR, 2013 KAN. APP. UNPUB LEXIS 159

**9. Do you think the court should hear oral argument in this case? If so, why?**
YES, SO I CAN EXPLAIN ALL THE REASONS THE DIST COURT IS WRONG AND BECAUSE I DON'T THINK THE DIST COURT GOT MY EXHIBITS AND IF IT DID I DON'T KNOW WHY THE JUDGE WOULD SAY I DIDN'T EXHAUST. IT'S CRAZY!!!

12 - 9 - 2022
Date

_Signature_



RE: ATTACHMENT TO PAGE-4 OF APPELLANTS SUPPLEMENTAL OPENING BRIEF.

**#4)** SIMPSON v. GALLANT, 231 F. SUPP 2d 341, 350 D. ME. 2002) (HOLDING A PRISONER WHO HAD BEEN TOLD THE ISSUE WAS NOT GRIEVABLE HAD SUFFICIENTLY EXHAUSTED), (BOOMER v LANIGAN, 2002 WL 31413804, * 8 (S.D. N.Y. OCT 25, 2002) (HOLDING THAT AN ALLEGATION THAT PRISON STAFF RETURNED PLAINTIFFS GRIEVANCE AND TOLD HIM THE MATTER WAS NOT HANDLED BY THE GRIEVANCE PROCESS RAISED A FACTUAL ISSUE BARRING SUMMARY JUDGMENT.

FOR NUMEROUS REASONS, SUPPORTED BY CASE LAW AND/OR LAW THE DISTRICT COURT RULED INCORRECTLY ON THE EXHAUSTION ISSUE.

**#'s 5 AND 7)** YES, THE DISTRICT COURT INCORRECTLY DECIDED THE FACTS (SEE DOC NO. - 48, PAGE-11) HERE THE JUDGE/DISTRICT COURT RULED THAT I DIDN'T EXHAUST MY AVAILABLE ADMINISTRATIVE REMEDIES, AND THAT'S NOT TRUE, BUT I ASK HOW WOULD THE COURT EXHAUST WHEN PRISON STAFF DESTROYED MY FORM-9'S AND GRIEVANCES OVER AND OVER AGAIN ? / THE DISTRICT COURT ALSO SAID I DIDN'T COME FORWARD WITH COMPETENT EVIDENCE TO SUPPORT PRISON STAFF DESTROYING MY FORM-9'S AND GRIEVANCES. I'VE SUBMITTED APPROX 100 PAGES OF DOCUMENTS/EXHIBITS SHOWING THE PROBLEM I'VE HAD WITH KDOC STAFF DESTROYING MY FORM-9'S AND GRIEVANCES BEFORE I FILED THIS LAWSUIT, DURING, AND AFTER. I'VE SUBMITTED FORM-9/GRIEVANCE RECEIPTS SIGNED BY STAFF SHOWING I SUBMITTED THE FORM-9'S AND GRIEVANCES. WHATS THE POINT OF A DATED AND SIGNED RECEIPT IF NOT TO PROVE THE INMATE TURNED IN THE PAPER WORK ? HOW CAN ANY PRISONER COME FORWARD WITH COMPETENT EVIDENCE IF STAFF SIGNED AND DATED RECEIPTS ARE NOT COMPETENT EVIDENCE ?

AND FOR THE JUDGE TO SAY I SIMPLY MAKE CONCLUSORY ASSERTION THAT KDOC OFFICIALS MUST HAVE DESTROYED MY PAPER WORK IS WRONG. I SUBMITTED LETTERS TO UNIT TEAMS, WARDENS, SECRETARY OF CORRECTIONS, DEPT. OF JUSTICE, FILED FORM-9'S GRIEVANCES, GRIEVANCE APPEALS AND PROPERTY CLAEMS AS EXHIBITS IN DOC NO. 30 AND 33 THAT DETAIL THE PROBLEM OF KDOC STAFF DESTROYING MY FORM-9'S / GRIEVANCES.

MORE IMPORTANTLY I MUST POINT OUT THE FACT THAT THE DEFENDANTS DID NOT DISPUTE THAT THEY DESTROYED MY FORM-9'S AND GRIEVANCES, AND THEREFORE, IT IS DEEMED AS ADMITTED PER D. KAN. LOCAL RULE 56.1 MOTIONS FOR SUMMARY JUDGMENT (b) OPPOSING MEMORANDUM. (2) (a) (DOC NO. 27 PAGE-4) (RE: ATTACHMENT TO PAGE-4 OF APPELLANTS SUPPLEMENTAL OPENING BRIEF. )



(RE: ATTACHMENT TO PAGE-4 OF APPELLANTS SUPPLEMENTAL OPENING BRIEF)

BECAUSE DEFENDANTS ADMIT KDOC/HCF STAFF DESTROYED MY FORM-9'S/GRIEVANCES THEY ADMIT PRISON STAFF HINDERED, PREVENTED, AND THWARTED MY EFFORTS TO EXHAUST KDOC'S ADMINISTRATIVE REMEDIES, MAKING THE REMEDY UNAVAILABLE, AND THE COURT EXCUSES THE PRISONER'S FAILURE TO EXHAUST IN THESE CIRCUMSTANCES (SEE ROSE V. BLAKE, 578 U.S. 632, 639( 2016), (LITTLE V. JONES, 607 F.3d-1245, 1249 (10th CIR. 2010). I DONT THINK I FAILED TO EXHAUST, BUT IF THE COURT SAYS I DID, THE DIST. COURT SHOULD HAVE EXCUSED MY FAILURE, BECAUSE DEFENDANTS DESTROYED MY FORM-9'S/GRIEVANCE'S.

THE STAFF SIGNED RECEIPTS, THAT ARE DATED, AND WHICH I WRITE A SHORT SUMMARY OF WHAT THE FORM-9 CONCERNS ON THE RECEIPT TOP, BEFORE STAFF SIGN IT, ARE NOT DISPUTED BY DEFENDANTS. AS DEFENDANTS KNOW THESE DATED STAFF SIGNED RECEIPTS ARE NOT FORGED, AND PROVE APPELLANT SUBMITTED THE FORM-9 OR GRIEVANCE, AND WHEN THOSE FORMS ARE NOT ANSWERED OR RETURNED, IT DOES NOT MATTER IF STAFF MISPLACED THEM, LOST THEM, HIDE THEM, OR DESTROY THEM, THE ADMINISTRATIVE REMEDY IS UNAVAILABLE, AND SUMMARY JUDGMENT MUST BE DENIED. (SEE LITTLE V. JONES, 607 F.3d 1245, 1247 (10th CIR. 2010), (O'CONNOR V. FEATH-ERSTON, 2002 U.S. DIST. LEXIS 7570, NO. 01 CIV. 3251 (HB), 2002 WL 818085 AT #2-(S.D.N.Y. APR. 27, 2002)

#7.) DEFENDANTS ARE SAYING ITS IRRELEVANT THAT UNIT TEAM/DEFENDANT PETTIJOHN TOLD ME TO FILE A INJURY CLAIM (SEE DOC. NO. 31, PAGE-9, AT IV.), BUT I SAY I DOES MATTER! I DON'T JUST SAY I WAS TOLD TO FILE THE INJURY CLAIM, I SAY PETTIJOHN PROMISED ME HE'D APPROVE THE CLAIM IF HE'S THE ONE THAT PROCESSED IT, AND SHOULD SINCE HE'S MY UNIT TEAM, AND EVEN IF HE DIDN'T PROCESS, IF HE DOESNT SEE WHY IT WOULDN'T BE APPROVED (SEE DECLARATION-DOC NO. 30, EXH I TO AT #123, DOC NO. 30, EXH-I-11 AT #131) THE DIST. COURT SAID THERES NO COMPETENT EVIDENCE IN THE SUMMARY JUDGMENT RECORD TO SUPPORT UNIT TEAM/DEFENDANT PETTIJOHN THWARTED MY ADMINISTRATIVE REMEDIES (SEE DOC. NO. 48 AT PAGE-13 AND 14) BUT MY DECLARATION IS COMPETENT EVIDENCE, AND PART OF THE SUMMARY JUDGMENT RECORD. (ALSO SEE DOC NO. 1, EXH A-10, PAGE-2-OF 2) WHERE I DOCUMENT THE FACT THAT PETTIJOHN HAD ME BROUGHT TO HIS OFFICE AND TOLD ME IF HE'S THE INVESTIGATOR OF THE CLAIM HE WOULD APPROVE THE CLAIM, WHICH IS ALSO PART OF THE SUMMARY JUDGMENT RECORD, AS MY COMPLAINT IS A VERIFIED COMPLAINT. NOW, THIS IS THE ISSUE THE DIST COURT IS WRONG ON THE DIST. COURT SAYS I SUGGEST PETTIJOHN MISLED ME ABOUT THE STEPS REQUIRED TO EXHAUST MY CLAIMS, BECAUSE PETTIJOHN TOLD ME

③

(RE: ATTACHMENT TO PAGE-4 OF APPELLANTS SUPPLEMENTAL OPENING BRIEF)
TO FILE A INJURY CLAIM, AND SUGGESTED MY CLAIM WOULD BE APPROVED.
(SEE Doc. NO. 48, PAGE-13) NO! THATS MISSTATED. I SAID PETTIJOHN TOLD ME
TO FILE THE INJURY CLAIM, AND THAT HE WOULD APPROVE IT IF HE PROCEEDED
IT, AND DOESN'T SEE WHY SOMEONE ELSE WOULDN'T APPROVE IT, IF HE DOESN'T
PROCESS IT. SO, AT THAT POINT AND TIME I HAD NO REASON TO FILE A
LAW SUIT, ALTHOUGH I STILL INVOKED THE GRIEVANCE PROCEDURE HOWEVER,
I WAS BEING TOLD TO FILE A INJURY CLAIM AND IT WOULD BE APPROVED, AND
SINCE PETTIJOHN HAD APPROVED (3) OTHER CLAIMS I FILED I BELIEVED
HIM. BUT LATER PETTIJOHN TOLD ME HE WASN'T THE ONE PROCESSING THE
CLAIM, BUT IT WOULD BE APPROVED, HOWEVER, WHEN I FINALLY
RECEIVED THE INJURY CLAIM BACK ON 4-17-2019 AND SAW THAT
PETTIJOHN LIED, IN RETALIATION (UPON INFORMATION AND BELIEF) FOR
WRITING HIM UP, BECAUSE HE DID PROCESS THE CLAIM, AND HE DENIED
MY CLAIM. I THEN HAD CAUSE TO FILE A GRIEVANCE AT THAT POINT AND
TIME OF DISCOVERY (4-17-2019) AND I DID ON 4-25-2019. THAT IS (8)
DAYS AFTER THE DISCOVERY OF MY GRIEVANCE, AND I STILL HAD (7) DAYS
TO FILE MY COMPLAINT. K.A.R. 44-15-101 b. TIME LIMIT FOR FILING GRIEVANCES.
STATES IN RELEVENT PART, "GRIEVANCES SHALL BE FILED WITHIN (15) DAYS
FROM THE DATE OF THE DISCOVERY OF THE EVENT GIVING RISE TO THE
GRIEVANCE, EXCLUDING SATURDAYS, SUNDAYS, AND HOLIDAYS. NO GRIEVANCE,
REGARDLESS OF TIME OF DISCOVERY, SHALL BE FILED LATER THAN
ONE YEAR AFTER THE EVENT." CLEARLY, I FILED A GRIEVANCE WITHIN
THE (15) DAY OF DISCOVERY OF MY GRIEVANCE. ALSO, THE INJURY
CLAIM WENT THROUGH ITS PROCESS, AND MY GRIEVANCE WASN'T PART
OF THE INJURY CLAIM PROCESS. MY GRIEVANCE WAS ABOUT BEING
LIED TO, DENIED JUSTICE, FALSE MEDICAL CLAIMS, BEING ATTACKED,
BEING DENIED MEDICAL TREATMENT, A UNWRITTEN GIVE GUILTY
STAFF IMPUNITY POLICY, ETC. AND MY GRIEVANCE SHOULD OF BEEN
PROCESSED. (SEE Doc NO. 30 EXHIBITS D-1 THROUGH D-24) THE DIST.
COURT SAID THE CLOCK BEGAN TO RUN ON 9-13-2018 PER K.D.O.C.'s
REGULATION (SEE Doc. NO. 48, PAGE-11) THAT IS WRONG. THE (15) DAYS
CLOCK STARTS TO RUN UPON DISCOVERY OF THE EVENT GIVING RISE
TO THE GRIEVANCE. (SEE K.A.R. 44-15-101 b.) THE DIST. COURT IS DOWN
PLAYEN THE VIOLENT ATTACK AGAINST ME (SEE Doc NO 48, PAGE-3) I WAS REPEATEDLY
HIT WITH A CHUNK OF METAL, HAD MY HAND, FINGERS, ARM, HIT, SMASHED
AND CRUSHED INBETWEEN METAL AND NEWTON. TRIED TO PUT HIS FINGERS IN
MY EYE SOCKETS AND RIP OUT MY EYES, SMASHED MY HEAD ON THE WALL, CLIMBED
ON THE RAILING TO USE HIS BODY WEIGHT AND BOOTS TO CRUSH MY ARM, WRIST,
FINGERS, AND HAND IN THE DOOR AND OPENING.

(C.) (1)

1st
(RE: ATTACHMENT TO PAGE-3, #3, STATEMENT OF ISSUES, C.)

CONTINUED... THAT'S WITHIN THE GRIEVANCE PROCEDURES TIME
LIMITS. (SEE K.A.R. 44-15-101b. TIME LIMIT FOR FILING
GRIEVANCE.) IT STATES IN RELEVANT PART, "GRIEVANCE'S SHALL BE
FILED WITHIN 15 DAYS FROM THE DATE OF THE DISCOVERY OF
THE EVENT GIVING RISE TO THE GRIEVANCE." SO, THE INJURY
CLAIM WAS EXHAUSTED AND RETURNED TO ME ON 4-17-2019.
I DISCOVERED UNIT TEAM/DEFENDANT PETTIJOHN HAD OUTRIGHT
LIED TO ME WHEN HE PROMISED ME HE WOULD APPROVE MY
INJURY CLAIM, AND I DISCOVERED U.T. PETTIJOHN DENIED MY
CLAIM IN RETALIATION FOR WRITING HIM UP, AND SO I FILED
MY GRIEVANCE ON 4-25-2019. THAT'S (8) EIGHT DAYS. SO I
ACTUALLY HAD (7) MORE DAYS IN WHICH TO FILE MY GRIEVANCE.
MY GRIEVANCE IS NOT TIME-BARRED!

                    NEXT, DEFENDANTS
KNOW THIS, AS THEY MENTION IT IN THEIR "MEMORANDUM
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT" (DOC NO. 26, PAGES
9 AND 10.) DEFENDANTS STATE IN RELEVANT PART, "EVEN IF THIS
COURT WERE TO FIND THAT BROWN'S APRIL 25, 2019 ATTEMPT
TO GRIEVE THE DENIAL OF HIS PERSONAL INJURY CLAIM SOMEHOW
CONSTITUTED A PROPER GRIEVANCE AGAINST PETTIJOHN AND
SWENSON FOR THEIR INTERACTION WITH HIM ON SEPTEMBER 13, 2018,
IT TOO WOULD BE UNTIMELY." AND IT WOULD NOT BE UNTIMELY!
                    SO AS DEFENDANTS WELL KNOW MR
BROWN'S INJURY CLAIM DATED 9-21-2018, AND MR. BROWN'S
GRIEVANCE DATED 4-25-2019 RELIEVE MR BROWN OF HIS BURDEN
OF EXHAUSTING K.D.O.C'S ADMINISTRATIVE REMEDIES FOR THE
ATTACK, ASSAULT, BATTERY, EXCESSIVE USE OF FORCE, FAILURE TO
INTERVENE, RETALIATION, DENIAL OF MEDICAL TREATMENT, AND
FOR THE K.D.O.C'S UNWRITTEN POLICY TO GIVE GUILTY STAFF IMMUNITY.
                    I'VE SUBMITTED THE INJURY CLAIM AND GRIEVANCE
MENTIONED ABOVE IN (DOC. NO. 30, EXHIBITS D-1 THROUGH D-24)
I ALSO MADE MY ARGUMENTS AND STATED THE FACTS IN MY
"DECLARATION AND MEMORANDUM IN OPPOSITION TO DEFENDANTS
MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY
JUDGMENT" (DOC NO. 30, AT PAGES: 16, 17, 18, 19, AND 20, #32 AND 33) EXPLAIN-
ING THIS ISSUE AND I NOW INCORPORATE THE SAME HEREIN → → →
(ATTACHMENT TO PAGE-3, #3, STATEMENT OF ISSUES, C.)

( C.)( 2 )

(RE-2ND ATTACHMENT TO PAGE-3, #3, STATEMENT OF ISSUES, C.)

DECLARATION
AND I WOULD ALSO INCORPORATE MY AFFIDAVIT I SUBMITTED
WITH MY COMPLAINT ___ IN (DOC NO- 30 AT EXHIBITS I-1 THROUGH
I-16) I ALSO SUBMITTED THE GRIEVANCE WITH MY COMPLAINT.

THE GRIEVANCE DATED 4-25-2019 (31) WAS RETURNED TO MR
BROWN FIRST BY UNIT TEAM GRAFF, THEN WARDEN SCHNURR,
AND FINALLY THE SECRETARY OF CORRECTIONS DESIGNEE, BURRIS,
AND ALL OF THOSE OFFICIALS REFUSED TO PROCESS MY
GRIEVANCE BECAUSE THEY CLAIMED I COULDN'T GRIEVE
A INJURY CLAIM RESPONSE, (KAR 44-15-101q) AND WASN'T.
                                    HOWEVER, I
MAKE CLEAR MY SPECIAL KINDS OF PROBLEMS GRIEVANCE FORM
ISN'T ABOUT THE INJURY CLAIM MOCKS, BUT INSTEAD ABOUT
LIES, RETALIATION, CORRUPTION, EXCESSIVE USE OF FORCE
BEING DENIED MEDICAL STAFF GIVING STAFF IMPUNITY, AND
KDOC/HCF OFFICIALS SHOULD HAVE PROCESSED MY COMPLAINT/
SPECIAL KINDS OF PROBLEMS GRIEVANCE FORM. (SEE KAR, 44-15-201)
    THE VERY REASON UNIT TEAM PETERJOHN LIED SAYING HE'D HANDLE IT, TO ME AND
INSTRUCTED ME TO FILE A INJURY CLAIM, IS SO THEY COULD
TURN AROUND AND SAY, NO YOU DIDN'T FILE YOUR GRIEVANCE
WITHIN 15 DAYS OF YOUR ATTACK, AND THEN THEY COULD SAY,
YOU CAN'T FILE A GRIEVANCE ON A MATTER YOU FILED A INJURY
CLAIM ON, IT'S A CATCH-22 AND COURTS DON'T ACCEPT IT.
HOW ELSE AM I SUPPOSE TO GRIEVE ALL OF THOSE ISSUES?
AND, THE ~~correct~~ ANSWER IS A GRIEVANCE. ~~...~~
    I ALSO WANT TO POINT OUT I FILED MY GRIEVANCE ON
4-25-2019 AND IT WAS EXHAUSTED UNTIL 9-30-2019 LIKE
(5) MONTHS LATER AND KDOC, AS USUAL DON'T FOLLOW THEIR OWN
TIME FRAMES/PERIODS, AND SHOULDN'T BE ALLOWED TO SAY
ANYTHING ABOUT SOMEONE ELSE NOT FOLLOWING THEM, ALTHOUGH I DO!
                            (SEE CAMP V. -
BRENNAN, 219 F.3d 279, 280 (3d CIR 2000), "HOLDING USE OF FORCE ALLEGATION
REPORTEDLY INVESTIGATED AND REJECTED BY SECRETARY OF CORRECTIONS OFFICE
NEEDED NO FURTHER EXHAUSTION." MY INJURY CLAIM WAS RETURNED BY
THE UNIT TEAM, WARDEN, AND SECRETARY OF CORRECTIONS OFFICE. BUT I
STILL FILED FORM-9'S AND GRIEVANCES, AND FILED COMPLAINTS WHEN STAFF
REFUSED TO ANSWER/RETURN THEM AND/OR DESTROYED THEM.

(RE: 2ND ATTACHMENT TO PAGE-3, #3 STATEMENT OF ISSUES, C.)

(d) (1)

STATEMENT OF ISSUES (d)

RE: ATTACHMENT TO PAGE-3, ~~STATEMENT STATEMENT~~

CONTINUED.. TO THE CONTRARY MR BROWN HAS PROVED
THAT HE TURNED OVER THE FORM-9'S AND GRIEVANCE1 TO
STAFF, AND FROM THERE LOOK STAFF DESTROYED THOSE
FORM-9'S AND GRIEVANCES, WHICH IS NOT BROWN FAULT.

                    THE LAW IS OVERWHELMING ON
THIS MATTER. THE LAW SAYS IF PRISON OFFICIALS DESTROY
A PRISONERS FORM-9'S, GRIEVANCES, GRIEVANCE APPEALS,
THEN A PRISONERS ADMINISTRATIVE REMEDIES ARE IN
FACT UNAVAILABLE AND COURTS ALLOW THE PRISONERS
CASE TO MOVE FORWARD. (SEE ~~____~~ THE FOLLOWING
CASES: TUCKER V. GROVER, 660 F. 3d 1249, SMITH V. JONES, 606
Fed Appx ~~___~~ 899, BRANCH V. UMPHENOUR, 2015 U.S. DIST. LEXIS
118633, LAMB V. KENDRICK, 52 F 4TH 286, BRENGETTCY V. __
HORTON, 423 F. 3d 674, BOYD V. CORR. CORP. OF AM., 380 F. 3d 989,
JERNIGAN V. STUCHELL, 304 F. 3d 1030, 1032(10TH CIR. 2002)-
LEWIS V. WASHINGTON, 300 F. 3d 829, 833 (7TH CIR 2002), WL 1843329, at #2
FOULK V. CHARRIER, 262 F. 3d 687, 688 (8TH CIR. 2001)
POWE V. ENNIS, 177 F. 3d 393, 394 (5TH CIR. 1999).
MILLER V. NORRIS, 247 F. 3d 736, 740 (8TH CIR 2001).
UNDERWOOD V. WILSON, 151 F 3d 292, 295 (5TH CIR. 1998).
• LITTLE V. JONES, 607 F. 3d 1245 (APPEALS COURT 10TH CIR. 2010).
GILLINGS V. BANUELOS, 650 Fed. Appx. 621 (APPEALS 10TH CIR 2016).
DALE V. LAPPIN, 376 F. 3d 652, 656 (7TH CIR. 2004).
DOLE V. CHANDLER, 438 F. 3d 804.
MOORE V. TRESCH, 2022 U.S. APP LEXIS 5516 ( APPEALS 10TH CIR 2022)
• ROSS V. BLAKE, 578 U.S. 632
ARMSTRONG V. DRAHOS, 2002 WL 187502, #1 (N.D. ILL., FEB. 6, 2002)
MARTIN V. SNYDER, 2002 WL 484911, *3 (N.D. ILL., MAR. 28, 2002)
PALMER V. GROSS, 2003 U.S. DIST. LEXIS 18103
FACT IS THERES NUMEROUS CASE LAW THAT SUPPORTS PRISONERS
CASES NOT BEING DISMISSED WHEN PRISON STAFF DESTROY
PRISONERS FORM-9'S / GRIEVANCES, AND THAT APPLIES TO
THIS CASE AS MY EXHIBITS SUPPORT / PROVE IN (DOC NO'S-
30 AND 33)(DEFENDANTS DID NOT CONTEST TO THESE EXHIBITS FACTS
AND ARE ADMITTED. APPELLANT SWORE TO UNDER ~~____~~ OATH THESE
EXHIBITS ARE TRUE AND CORRECT) ALSO SEE (ZIEMBA V. WEZNER,
366 F. 3d 161, 163 - 64 (2d CIR 2004). (DIXON V. PAGE, 291 F. 3d 485, 490 (7TH CIR 2002)
• WHITINGTON V. ORTIZ, 472 F. 3d 804, 807-08 (10TH CIR 2007),
RE: ATTACHMENT TO PAGE 3, ISSUE FOURTH, (d)

(d) (2)

(RE: ATTACHMENT TO PAGE-3, #3, ~~DIFFERED~~ STATEMENT OF ISSUES (d)

I HAVE BEEN FIGHTING KDOC's EMPLOYEES DESTROYING MY PAPER WORK FOR MORE YEARS THAN I CAN REMEMBER. (PLEASE HOLD WHILE I GIVE MY BACK A LITTLE WHILE AS ITS HURTING, TO MUCH TO GO ON)

THIS PAIN I SUFFER FROM IS K.D.O.C/EDCF's RETALIATION. E.D.C.F OFFICIAL CAUSED ANOTHER INMATE TO ATTACK ME AND IM STILL IN SERIOUS PAIN FROM MY BACK AND KNEE INJURIES.

Look, I HAVE WROTE THE SECRETARY OF CORRECTION, THE WARDENS, DEPARTMENT OF JUSTICE, LEGAL SERVICE FOR PRISONERS, UNIT TEAMS, UNIT TEAM MANAGERS, ON AND ON, ABOUT KDOC STAFF DESTROYING MY FORM-9's/GRIEVANCES, AND K.D.O.C. STAFF REFUSE TO CORRECT THE PROBLEM. REFUSE TO EVEN TRY. AS THERE IS ~~A GUILTY INSTITUTION~~ AN UNWRITTEN POLICY TO GIVE GUILTY STAFF IMMUNITY, AND TO DESTROY PRISONERS OFFICIAL/LEGAL PAPERS TO AID IN DOING THAT, AND TO INTENTIONALLY HANDICAP A INMATE'S EFFORTS TO EXHAUST ADMINISTRATIVE REMEDIES. PLEASE LOOK AT THE EXHIBITS IN DOC. NO. 30, ~~SPECIAL~~ (ESPECIALLY EXHIBITS B-THROUGH, B-89) AND DOC NO 33, EXHIBITS) YOU WILL SEE ITS A ONGOING PROBLEM, AND IM DEALING WITH IT RIGHT NOW IN ~~THE~~ DEC/2022 ALSO ALL EXHIBITS IN DOC NO 30. IT ALL DEALS WITH KDOC/IRF/LCF/EDCF DESTROYING MY PAPER WORK AND I STILL KEEP FIGHTING TO EXHAUST. IM REFUSED FORM-9's, GRIEVANCES, PENS, PENCILS, COPY TICKETS, PAPER, AND WHEN I DO GET THAT STUFF THEY DESTROY MY COMPLAINTS. IM TOLD FILE IS AGAIN, NO EVIDENCE, GAVE IT TO WRONG PERSON, I CAN'T GRIEVE THE ISSUE. ITS CRAZY!! IF KDOC STAFF ARE NOT HINDERING, PREVENTING, HARASSING, IMPEDING, THWARTING MY EFFORTS TO EXHAUST, I DON'T KNOW WHAT THOSE WORDS MEAN, BECAUSE THEY DO IT ALL THE TIME AND . ITS NOT FAIR TO MAKE ME EXHAUST OVER AND OVER AGAIN, THAN TELL ME I DIDN'T EXHAUST. HOW DIDN'T I? I DID! FACED WITH ALL THE RETALIATION AND I STILL KEPT FILING. I PAY YOU TO GET ME PENS, FORMS, AND I KEEP FILING!!

~~SORRY FOR HANDS~~ I HAD TO STOP. MY HANDS WERE SHAKING TO MUCH, AND I'VE NO DOUBT ITS PARTLY FROM BEING DENIED MED's.

(e.) (1)

RE: ATTACHMENT TO PAGE-3, #3, STATEMENT OF ISSUES (e) FIRST

3. (e.) FIFTH ISSUE: THERE IS A K.D.O.C POLICY/FLAT RULE (SEE K.A.R. 44-15-101a.(2), "THE GRIEVANCE PROCEDURE SHALL NOT BE USED IN ANY WAY AS A SUBSTITUTE FOR, OR AS PART OF, THE INMATE DISCIPLINARY PROCEDURE, THE CLASSIFICATION DECISION-MAKING PROCESS, OR THE PROPERTY LOST OR PERSONAL INJURY CLAIMS PROCEDURE, OR THE PROCEDURE FOR CENSORSHIP OF PUBLICATIONS SPECIFIED IN THE SECRETARY'S INTERNAL MANAGEMENT POLICY AND PROCEDURE."

NOW, WE'VE ALREADY ESTABLISHED UNIT TEAM PETTIJOHN HAD ME BROUGHT TO HIS OFFICE WHERE HE ASSURED ME MY INJURY CLAIM WOULD BE APPROVED BY HIM OR SOMEONE ELSE, AND THAT HE GAVE ME THE FORM AND REFERRED ME TO FILL IT OUT AND SUBMIT IT, WHICH I DID

BUT BECAUSE U.D.O.C HAS THIS POLICY ABOVE, IT'S A TRICK, A CATCH-22, AND MISLEADS PRISONERS, AND I WANT TO POINT TO CASE LAW ABOUT SUCH A RULE.

DEFENDANTS MAY ALSO BE ESTOPPED FROM RAISING NON-EXHAUSTION AS AN AFFIRMATIVE DEFENSE WHEN PRISON OFFICIALS INHIBIT AN INMATE'S ABILITY TO UTILIZE GRIEVANCE PROCEDURES. (ZIEMBA V. WETNER, 366 - F. 3d 161, 163-64 (2d Cir 2004).
(HEMPHILL V. STATE OF NEW YORK, 380 F.3d 680 2004 U.S. APP. LEXIS 17237 NO 02-0164, ___ F. 3d (2d Cir 2004), WHERE CLAIMS ARE FULLY EXHAUSTED THROUGH OTHER ADMINISTRATIVE PROCEDURES WHICH WERE PURSUED FOR GOOD REASON
(ABNEY V. MCGINNIS, 380 F. 3d 663)
CAMP V. BRENNAN, 219 F.3d 279, 280 (3d Cir 2000) HOLDING THAT USE OF FORCE ALLEGATION REPORTEDLY INVESTIGATED AND REJECTED BY SECRETARY OF CORRECTIONS OFFICE NEEDED N FURTHER EXHAUSTION.
GIANO V. GOORD, 380 F.3d 670, 678-80 (2d Cir. 2004) HOLDING THAT PRISONER WHO USED DISCIPLINARY APPEAL RATHER THAN A GRIEVANCE FOR HIS ISSUE DID SO REASONABLY.)
(SHORT V. GREENE, 577 F. SUPP. 2d - 790, 791-93 (2008). IF STATE LAW OR GRIEVANCE RULES SAY YOU CANNOT GET RELIEF FOR A PARTICULAR KIND OF CLAIM, THEN THE REMEDY IS NOT "AVAILABLE" AND YOU DON'T HAVE TO EXHAUST IT.

(RE: ATTACHMENT TO PAGE-3, #3, STATEMENT OF ISSUES (e) )

(e) (2)

RE: SECOND ATTACHMENT TO PAGE-3, #3, STATEMENT OF ISSUES (e) )

OWENS V. KEELING, 461 F.3d 763, 769 (6TH CIR 2006). (HOLDING GRIEVANCE SYSTEM WAS NOT AN AVAILABLE REMEDY FOR CLASSIFICATION COMPLAINT WHERE PRISON REQUIRED USE OF A SEPARATE CLASSIFICATION APPEAL PROCEDURE.)

MITCHELL V. CARUSO, 2006 WL 3825077, *2 (E.D. — MICH, DEC. 26, 2006) (NOTING THAT GRIEVANCE POLICY MADE "THE CONTENT OF A POLICY OR PROCEDURE' NON-GRIEVABLE).

MCGRATH V. JOHNSON, 67 F. SUPP. 2d 499, 510-11 (E.D. Pa. 1999) (HOLDING PRISONER NOT REQUIRED TO FILE A GRIEVANCE ON A MATTER THE INMATE GRIEVANCE PROCEDURE WOULD NOT ADDRESS.

TO SHOW THE COURT THAT K.D.O.C.'S FLAT RULE/POLICY THAT STATES WHAT ARE NON-GRIEVABLE ISSUES AND WILL NOT BE ADDRESSED THROUGH THE GRIEVANCE PROCEDURE I SUBMIT THE GRIEVANCE (SEE EXHIBIT B) DATED 8-11-2022 LABELED (Q) AND YOU WILL SEE THE WARDEN OF ELDORADO CORRECTIONAL FACILITY, TOMMY WILLIAMS REFUSED (SEE EXHIBIT-B-19) TO PROCESS THE GRIEVANCE PER K.A.R. 44-15-101a. (d)(2), WHICH IS THE SAME POLICY THAT HUTCHINSON CORRECTIONAL FACILITY WARDEN/DEFENDANT DANIEL L. SCHNURR USED TO REFUSE TO PROCESS MY GRIEVANCES. ALSO, THE SECRETARY OF CORRECTIONS OFFICE REFUSED TO PROCESS MY APPEAL, CLAIMING K.A.R. 44-15-101(d)(d)(2) PROHIBITS USE OF THE GRIEVANCE PROCEDURE (SEE EXHIBIT-B-21)

CLEARLY K.D.O.C.'S POLICY IS CONFUSING, BUT MR. BROWN/ APPELLANT FOLLOWED THE ORDER HE WAS GIVEN BY FILING THE INJURY CLAIM, AND PER K.D.O.C.'S OWN POLICY, AND THE WARDEN PRACTICE TO UPHOLD THAT POLICY, MADE FILING A GRIEVANCE AN UNAVAILABLE ADMINISTRATIVE REMEDY, AND MR. BROWN'S INJURY CLAIM SATISFIES THE EXHAUSTION REQUIREMENT ACCORDING TO THE P.L.R.A. HOWEVER, FOR THE RECORD, MR. BROWN STILL FILED FORM-9'S AND GRIEVANCES THAT WERE DESTROYED, AND MR BROWN FILED ONE GRIEVANCE THAT WAS EXHAUSTED, WHICH UNIT TEAM GRAFF (DOC NO 30 EXH. D-1), WARDEN/DEFENDANT SCHNURR, (DOC NO. D-18) AND THE SECRETARY OF CORRECTIONS OFFICE (DOC NO 30, EXH.-D-24) ALL REFUSED TO PROCESS PER K.A.R. 44-15-101a (d)(2).

(RE: SECOND ATTACHMENT TO PAGE-3, #3 STATEMENT OF ISSUE (e) )

(e) (3)

(RE: THIRD ATTACHMENT TO PAGE-3, #3, STATEMENT OF ISSUES (e) )

HEMPHILL V. STATE OF NEW YORK, 38 F.3d 680, 2004 U.S. APP. LEXIS -
17237 NO. 02-0164, F.3d (2d cir. 2004), WHERE CLAIMS ARE FULLY
EXHAUSTED THROUGH OTHER ADMINISTRATIVE PROCEDURES WHICH
WERE PURSUED FOR GOOD REASON,

                HOOK V. RICH, 2006 WL 565909, *5 (S.D. GA., -
MAR. 7, 2006) ("THE EXHAUSTION REQUIREMENT IS A GATEKEEPER,
NOT A "GOTCHA" MEANT TO TRAP UNSOPHISTICATED PRISONERS WHO
MUST NAVIGATE THE ADMINISTRATIVE PROCESS PRO SE.")

                                        IM NOT
REALLY SURE HOW THE DISTRICT COURT CAN RULE THAT I DIDN'T
EXHAUST MY ADMINISTRATIVE REMEDIES WHEN I DID, AND WHEN
K.D.O.C. POLICY SAYS I CAN'T FILE A GRIEVANCE WITH A
INJURY CLAIM, BUT I DID BOTH. BUT PER K.D.O.C'S POLICY,
AND PER THE UNIT TERMS, WARDEN AND SECRETARY OF
CORRECTIONS THE GRIEVANCE PROCEDURE WAS NOT AN
AVAILABLE REMEDY PER THEIR RESPONSES.' ALTHOUGH THEY
CHANGE UP IN SOME OF THEIR REPLYS SAYING MY TIME TO
FILE A GRIEVANCE HAS PASSED, THEY NEVERTHELESS REFUSED
TO PROCESS MY GRIEVANCE DUE TO KDOC'S POLICY KAR 44-15-101a(d)(2)
THEREFORE I EXHAUSTED MY AVAILABLE ADMINISTRATIVE
REMEDIES.

## CERTIFICATE OF SERVICE

I hereby certify that on _12-15-2022_ I sent a copy of

_^"SUPPLEMENTAL"_ (date)

the Appellant/Petitioner's Opening Brief to _U.S. COURT OF APPEALS FOR THE 10th CIRCUIT,_

_AND MATTHEW L. SMOGER_ , at _1823 STOUT STREET DENVER, CO. 8257, AND_

(Opposing Party or Attorney)

_120 SW 10th AVE 2nd FLOOR TOPEKA, KS 66612_ , the last known address/email

address, by _U.S. POSTAL SERVICE BY GIVING THE MAIL TO A1 CELLHOUSE_

(state method of service)

_STAFF TO BE MAILED. POSTAGE WAS PREPAID BY MR BROWN AND I SWEAR E_
_THE MAILBOX RULE AND SWEAR UNDER PENALTY OF PERJURY THAT THE FOREGOING_
_IS TRUE AND CORRECT PURSUANT TO 28 U.S.C. § 1746_

_12-15-2022_                          _Christopher David Brown_

Date                                    Signature

---

## CERTIFICATE OF COMPLIANCE

I certify that the total number of pages I am submitting as my _(SUPPLEMENTAL OPENING BRIEF)_
Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total
number of pages exceeds 30, I certify that I have counted the number of words and
the total is _____, which is less than 13,000.   I understand that if my
Appellant/Petitioner's Opening Brief exceeds 13,000 words, my brief may be
stricken and the appeal dismissed.

_12-15-2022_                          _Christopher David Brown_

Date                                    Signature

WIKEN PROCEDURE SHOULD I USE FOR GUARD TWEITING ARM RETURNING BACK?
INSURY CLAIM?

**INMATE REQUEST TO STAFF MEMBER**

To: _U.T. BUCHHOLZ_     U.T. BUCHHOLZ    Date: _7-12-2022_
(Name and Title of Officer or Department)    AT MY CELL #122
    B-1/EDCF

_____
Unit Team Member Signature

(EXHIBET-A)

To be retained by Inmate

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

BROWN
Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**

57800
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _U.T. BUCHHOLZ_    Date: _7-12-2022_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

KDOC TWO (2) ADMINISTRATIVE REMEDIES; ARTICLE 15 AND ARTICLE 16
ONE IS THE GRIEVANCE PROCEDURE AND THE OTHER IS A PROPERTY CLAIM/PERSONAL
INJURY CLAIM PROCEDURE. COMPLAINTS CAN OVERLAP THESE TWO PROCEDURES
SOMETIMES, BUT THEY MAKE CLEAR THEY ARE NOT TO BE USED FOR THE SAME
COMPLAINT, SO WHICH ONE IS PROPER TO FILE FOR A GUARD INJURING MY
ARM BY TWISTING IT BEHIND MY BACK? A PERSONAL INJURY CLAIM?

Work Assignment: _N/A/ADMIN. SEG._    Living Unit Assignment: _B-1/122/EDCF_
Comment: _____  Unit Team Members Signature: _____

Disposition: _Personal injury Claim_

To: _____    Date: _7-12-20_
(Name & Number)

Disposition: _____

NOTE: GAVE P.M.C AT MY CELL #122
IN B-1 CELLHOUSE, EDCF, U.T. BUCHHOLZ
on 7-12-2022

_____
Employee's Signature

**To be returned to inmate.**

P-0009b

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

### INMATE COMPLAINT

Inmate's Name **DAVID BROWN**    Number **#57800**

Facility **EL DORADO CORR. FAC** Housing Unit **B-1/122/RHU/**    Work Detail **N/A/ADMIN. SEG**

(PAGE 1 OF 2)

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). ATTACHED IS A (12) PAGE DISCIPLINARY APPEAL TO THE SECRETARY OF CORRECTIONS CASE NO. 22-05-222 DATED 7-7-2022) MY COMPLAINT IS THAT I DID NOT RECEIVE THE CLEARED DUE PROCESS IM REQUIRED TO RECEIVE BY LAW, MY COMPLAINTS THAT K.D.O.C'S DISCIPLINARY APPEAL RULE IS A BIASED, FALSE, COUNTERPRODUCTIVE, RUBBER STAMP APPEAL PROCESS, RETALIATORY TOOL KDOC & SECRECY STAFF USE TO PUNISH PRISONERS, A FABRICATION RECORD CREATOR, A GIVE STAFF IMMUNITY PROCESS, A MONEY STEALING SCAM, A IGNORE K.D.O.C. RULES WHEN THEY ASSIST A PRISONER PROCESS, A WRONGED PROCESS, A PUNISHMENT PROCESS THAT VIOLATES THE U.S. CONSTITUTION, KANSAS CONSTITUTION, AND K.D.O.C. RULES, REGULATIONS, AND POLICY. MY COMPLAINT IS THAT CS1/OSC DONNA VETTER WROTE ME A FALSE RETALIATORY DISCIPLINARY REPORT FOR EXPOSING HER →

Date this report was given to Unit Team for informal resolution (to be completed by inmate). **8-11-2022 (Q)**

### UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.)

*See Attached*

_____ Unit Team Signature    **8-15-2022** Date

### INMATE RESPONSE (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

✓ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). **8-16-2022**

_____ Inmate Signature    **8-16-2022** Date

### WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received **AUG 2 2 2022**    Date of Final Answer **AUG 2 6 2022**    Date Returned to Inmate **8-15-2022**

_____ Inmate's Signature    **8-16-2022** Date

_____ Unit Team Signature    **8-31-2022** Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

### TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number

Type of Complaint (Item 4: Code 01-75)

Cause of Complaint (Item 5: Code 01-30)

Type of Response (Item 6a: Code 01,02,08 or 09)

*Disciplinary Issue*

**RECEIVED**
**AUG 2 2 2022**
**WARDEN'S OFFICE**

N/A

( EXHIBIT-B-1 )

RE: GRIEVANCE (Q) /PAGE-2-OF-2 )          ( Q )

UNPROFESSIONAL SEXUALLY INAPPROPRIATE INTERACTION(s) WITH S/M CASHORE, WHO
SHE WAS ALLOWING TO MASTURBATE TO HER FACE, FACIAL EXPRESSIONS, HER BREAST AS SHE
PUSHED THEM TOGETHER FOR HEM ETC., AND BECAUSE I EXPOSED HER AND HER ACTIONS
SHE WROTE ME A RETALIATORY DISCIPLINARY REPORT THEN, WHICH SAID NOTHING ABOUT
WHAT SHE DID AND/OR WAS DOING. THE D.R. ONLY SAID THE THINGS I SAID TO HER,
AFTER SHE PROVOKED ME, FIRST BY LEAVING MY MAIL TO FAMILY ON THE DAYROOM
FLOOR, THEN CLAIMING I THREW IT AT HER, ALTHOUGH I LIVED ON THE BOTTOM
RUN AND SLIDE IT ON THE RUN REQUESTING SHE MAIL IT WHEN SHE'S DONE, AND
THEN I SNAPPED AND CUSSED HER OUT BECAUSE SHE REFUSED TO GET MY LETTER AND
1/c ANDERSON HAD TO GET IT, AND I CUSSED HER OUT CALLING HER SHIT A
NARKER (over SLUT/WHO**** AND A LYING CUN*, AND ETC.. AND ALTHOUGH
SHE WROTE ME LIKE 3 MORE D.R.s IN THE NEXT COUPLE WEEKS, IT WAS YEARS
AGO, AND SHE WAS IN THE WRONG 100%, YET TODAY 2022 SHE IS STILL HOLDING
A GRUDGE AND WROTE ME ANOTHER LYING RETALIATORY D.R. NOW SHE'S JUST
MAKING THINGS UP OUTRIGHT, LYING, AND HEARING OFFICER MARLEY OUTRIGHT LIED
DURING THE D.R. HEARING, AS WELL ON THE RECORD HE CREATED. NOT TO MENTION
THE (12) PAGES OF TRUTHFUL FACTS I DOCUMENTED IN THE ATTACHED APPEAL,
BUT OF COURSE THE RUBBER STAMP APPEAL PROCESS PROVIDED NO RELIEF
NOR DOES THE GRIEVANCE PROCESS. MY COMPLAINTS THAT THE WHOLE D.R.
PROCESS IS CORRUPT, BEATEN, ILLEGAL, A MONEY TAKING AWAY FROM I/M's
SCAM, AND IT NEEDS ADDRESSED/CORRECTED. MY COMPLAINT IS THAT IF
I WAS GONNA THREATEN ANYONE IT WOULD OF BEEN THE GUARDS THAT
DEMANDED I STAND IN FILTHY SEWAGE WATER OR BE DENIED A
SHOWER! THIS D.R. NEVER SHOULD OF BEEN WRONG, NEVER SHOULD OF BEEN APPROVED
SHOULD NOT OF PRODUCED A GUILTY FINDING, AND SHOULD OF BEEN OVER
TURNED ON APPEAL, BUT BECAUSE OF CORRUPTION, AND A LACK OF D.R. DUE
PROCESS NONE OF THE THINGS THAT SHOULD OF HAPPEND HAPPEND, AND MY
COMPLAINT IS THAT. THE FACT THAT D.R.'s ISN'T JUSTIFIED.

*(EXHIBIT B-2)*

RE: DAVID BROWN #57800

D.R APPEAL FORM BROUGHT TO ME APROX 4:53 PM BY C/O WILLIAMS
IN B-1 CELLHOUSE CELL# 122.

Attachment E, IMPP 11-119
Effective: 12-11-13

## KANSAS DEPARTMENT OF CORRECTIONS

(PAGE-1-OF-9) (ADD PAGES 10,11,12, (PAGE-1-OF-12

| DISCIPLINARY APPEAL TO THE SECRETARY | | |
|---|---|---|
| **CLASS I & II** | | 22-05-222 |
| Inmate Name: DAVID BROWN | No: 57800 | Case No: 22-05-222 |
| Date of Filing Appeal: 7-7-2022 | Facility Hearing DR: EL DORADO CORR FAC RECEIVED | |
| Date Received Copy of Disposition 7-7-2022 | Returned Appeal to Facility: | JUL 18 2022 |

I Am Appealing the Decision of the Hearing Officer Because:

1) I WAS NOT INFORMED OF THE HEARING WITHIN 24 HOURS OF THE HEARING PER KAR 44-13-401 (b) WHICH SAYS I SHALL RECEIVE ADVANCED WRITTEN NOTICE OF THE HEARING. POINT. 2) CSI DONNA VETTER TESTIFIED THAT C/O STEVENSON AND/OR C/O STAATS TOLD HER I THREATENED THEM, WHICH IS A LIE, AND WHEN I TOLD THE HEARING OFFICER MARLEY I WANTED TO QUESTION THE TWO OFFICERS VETTER IS SAYING TOLD HER I THREATENED THEM, H/O MARLEY REFUSED MY REQUEST. THATS BECAUSE H/O MARLEY KNOWS I DIDNT THREATEN C/O STAATS OR C/O STEVENSON AND THEY DIDNT TELL CSI VETTER THAT I DID WHICH WOULD OF BEEN PROVED BY ME QUESTIONING THEM. THE HEARING OFFICER WAS PROTECTING CSI LETTER FROM BEING EXPOSED AS A LEAR.    NEXT PAGE → → → →

(Attach Additional Sheet(s) if Necessary)

| Inmate Signature: David Brown | Date: 7-7-2022 |
|---|---|
| Received By:   Date 7-7-2022 Time 1336 Initials N | Date 7-1-22 Time 0800 Initials SC |
| Unit Team   S B. Bullock | Disciplinary Officer Candler |
| | RECEIVED JUL 11 2022 EDCF |

Facility Legal Counsel Responsive Argument: _____

Signature: _____     Date: _____

| Your Appeal Has Been Reviewed and it is found that: | Secretary's/Designee's Final Decision: |
|---|---|
| ☒ Substantial compliance with Departmental and Facility Standards and Procedures | ☒ Approve the decision |
| ☒ Hearing Officer's decision was based on some evidence | ☐ Reinstate dismissed charges; remand new hearing |
| ☐ The Penalty imposed was appropriate and proportionate to the offense. | ☐ Amend charges (44-13-202) |
| ☐ Guilty plea or no contest, no showing 44-13-703(d)(1)(2)(3) | ☐ Disapprove/Dismiss |
| | ☐ Reduce the penalty |
| | ☐ Suspend sentence |
| | ☐ Remand new hearing |
| | ☐ Remand for clarification of record |
| | ☐ Reduce to summary judgment |
| | - restriction from privileges up to 10 days |
| | - fine not exceed $10 |
| | - extra work w/o incentive pay not more than 2 hrs/day no more than 5 days |
| | - work w/o incentive pay not to exceed 5 days |
| | - restitution not less than $3.00 nor more than $20.00 |
| | ☐ Remand with instructions |

Comments: _____

| Secretary's/ Designee's Signature: Jill T. Keogh | Date: 7.18.22 |
|---|---|

Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error. Plain error.

RE: RETURNED TO ME AT APROX 10:35 AM BY H/O MARLEY
IN B-1/122/EDCF/THUR/7-28-2022

CASE NO. 22-05-222

(EXHIBIT-B-3)

( RE: DISCIPLINARY APPEAL TO SECRETARY/PAGE-2-OF 9 )

SUPPORTING A BIASED HEARING OFFICER.

3) K.A.R. 44-13-101 (a)(1) STATES IN RELEVANT PART, "THE INMATE SHALL BE ENTITLED TO THE FOLLOWING: ... TO RECEIVE ADVANCE WRITTEN NOTICE OF THE CHARGE AND A FAIR HEARING BY AN IMPARTIAL HEARING OFFICER. CLEARLY, WHEN THE CHARGING OFFICER IS OUT RIGHT LYING UNDER OATH WHILE TESTIFYING, AND THE HEARING OFFICER REFUSES TO ALLOW THE CHARGED I/M TO BRING THE CHARGING OFFICERS LIES TO LIGHT, IN ORDER TO PROTECT THE CHARGING OFFICER FROM BEING EXPOSED AS A LIAR, THE HEARING OFFICER IS BIASED.

4) HEARING OFFICER, MARLEY TOLD THE CHARGED I/m / ME, THAT I TOLD HEARING OFFICER, OSBORN, THEN CHANGED THE NAME TO GALLOWAY, THAT I SAID I WOULD SPIT ON C/O STEVENSON AND/OR C/O STAATS, AND I SAID I NEVER SAID THAT, AND HEARING OFFICER MARLEY ATTEMPTED TO AGGRESSIVELY TELL ME THAT I DID, AND I SAID I WANTED TO SUBPOENA THE PHONE RECORD, AND HEARING OFFICER MARLEY CUT ME OFF SAYING I DON'T HAVE THE SAME RIGHTS IN A CRIMINAL TRIAL IN A DISCIPLINARY HEARING AND I CAN'T SUBPOENA THE PHONE RECORDS, AND I SAID, YOUR TELLING ME I SAID SOMETHING, I DIDN'T SAY TO THE OTHER HEARING OFFICER, SO I WANT THE PHONE RECORD DOWN AS A WITNESS ON MY WITNESS LIST, BECAUSE IT'LL PROVE WHAT I SAID AND DIDN'T SAY. HEARING OFFICER MARLEY SAID, I'VE GOT THE HEARING RECORD RIGHT HERE, AND PULLS OUT A SHEET OF PAPER, WHICH I WAS NOT GIVEN, AND STARTED READING THE HEARING OFFICERS RECORD, AND AS I SAID, THE RECORD SAID, I DIDN'T (DID NOT) SAY I'D DO ANYTHING TO STAFF. IT SAID, I SAID, I TOLD OFFICER VETTER, THAT I DIDN'T DO ANYTHING TO JUSTIFY BEING DENIED MY SHOWER, I DIDN'T SPIT ON STAFF, KICK STAFF, HEADBUTT STAFF, CUSS STAFF OUT, OR THREATEN STAFF, AND I WANT MY SHOWER. HEARING OFFICER MARLEY WAS ALREADY SET ON FINDING ME GUILTY BY HIS ACTION, WORDS, IGNORING MY DUE PROCESS RIGHTS, VIOLATING THE DISCIPLINARY PROCEDURES, DENYING ME WITNESSES, ETC, AND WHEN I MOVED TO BE CORRECT ET MADE HEARING OFFICER MARLEY UPSET, AND HE WAS VERY AGGRESSIVE AND ARGUMENTIVE, AND REALLY SET ON FINDING ME GUILTY. IN RETRIBUTION FOR PROVING HIM WRONG AT THAT POINT. I DID NOT SAY WHAT H/O MARLEY WAS CLAIMING, I SAID AND WHEN I CALMLY

( PAGE-2-OF 9 )

DAVID BROWN #57800

CASE NO. 22-05-222

(EXHIBIT-B-4)

( RE: DISCIPLINARY APPEAL TO SECRETARY/ PAGE-3-OF- 9           )

PROVED H/O MARLEY WRONG I DIDN'T JUST HAVE A BIASED HEARING OFFICER BUT A RETALIATORY HEARING OFFICER

**5)** DURING MY FIRST HEARING TO THIS CASE THE HEARING OFFICER REVIEWED THE CAMERA FOOTAGE AND IT WAS DETERMINED THAT THE WITNESS O2C VETTER PUT DOWN (C/O MCKINNEY) WAS NOT AT MY CELL DOOR WITH C/O VETTER, AND I EXPLAINED TO THE HEARING OFFICER THAT I SQUEEZE TOOTHPAST INTO THE INTERCOM HOLES BECAUSE TOWER CONTROL STAFF LIKE TO SPY ON AND LISTEN TO PRISONER'S PHONE CALLS, OR CONVERSATIONS WITH OTHERS SO I PLUG THE HOLES UP, AND THE TOOTHPAST IS DRY AND IF O2C VETTER IS SAYING THAT C/O MCKINNEY IS A WITNESSED BY THE INTERCOM THATS A LIE AND THE HEARING OFFICER SAID HE'S NOT GONNA ALLOW C/O MCKINNEY TO TESTIFY AS A WITNESS AS HE WAS NOT WITH O2C VETTER AT MY CELL DOOR.

HOWEVER, WHEN I TOLD HEARING OFFICER MARLEY THIS, HE SAID THAT TOOTHPAST DOESN'T MATTER THE GUARDS CAN STILL HEAR, AND I SAID THEN LET'S DO AN EXPERIMENT, BECAUSE I KNOW WHEN I SQUEEZE A BUNCH OF TOOTHPAST IN THOSE HOLE THE TOWER GUARDS NOT GONNA BE ABLE TO HEAR ME YELLING. BUT H/O MARLEY REFUSED TO TAKE PART IN THE EXPERIMENT THAT WOULD PROVE O2C VETTER'S WITNESS IS LYING. I ALSO HAD PUT MY CELLIE IN C-2/145, WADE, AND THE INTERCOM FULL OF ROTTING AT WITNESSES ON MY WITNESS SHEET, WHICH WAS NEVER RETURNED TO ME. C/O MCKINNEY WAS ALREADY BARRED/EXCLUDED FROM TESTIFYING AS A WITNESS ~~DURING~~ DURING MY FIRST D.R. HEARING ON THURSDAY 6-30-2022, AND SHOULD NOT OF HAD ANY WEIGHT IN MY CASE.

HOWEVER, HEARING OFFICER MARLEY SAID HE SPOKE TO C/O MCKINNEY EARLIER, AND HE SAID HE COULD HEAR.

**6)** <u>K.A.R. 44-13-10(a)(c)(6)</u> STATES IN RELEVENT PART, " THE INMATE SHALL BE ENTITLED TO THE FOLLOWING:        →    →

( PAGE-3-OF- 9 )                      NEXT PAGE

(EXHIBIT-B-5)

(RE: DISCIPLINARY APPEAL TO SECRETARY/PAGE-4-OF-9    )

TO CONFRONT AND CROSS-EXAMINE WITNESSES AGAINST THE
INMATE" CLEARLY, BY H/O'S OWN ADMISSION HE SOUGHT OUT
C/O MCKINNEY AND QUESTIONED HIM, ALLEGEDLY, BUT I WAS NOT
THERE TO HEAR, NOT THERE TO ASK MY OWN QUESTIONS AND ITS
YET ANOTHER EXAMPLE OF HEARING OFFICER MARLEY BEING BIASED
RETALIATORY, AND IGNORING THE DISCIPLINARY RULES.

**7)** ALSO <u>KAR 44-13-101(a)(c)(J)</u> STATES IN RELEVANT PART, "GENERALLY,
THE INMATE <u>SHALL</u> BE <u>PERMITTED</u> TO BE PRESENT AT ALL STAGES OF THE
HEARING." WHY HEARING OFFICER MARLEY WENT TO QUESTION C/O MCKINNEY
IS NOT KNOWN, BUT ITS CLEAR H/O ~~MARLEY~~ DID SO IN VIOLATION OF THE
D.R. HEARING PROCESS AND OUTSIDE MY PRESENCE, AND THEN DENIED ME
THE OPPORTUNITY TO QUESTION C/O MCKINNEY, AND THAT IS CLEARLY
BIASED. IT SAYS IM THE HEARING OFFICER, ILL IGNORE THE D.R.
RULES/PROCESS AND GET TESTIMONY FROM STAFF AGAINST YOU BUT
YOUR NOT ALLOWED TO QUESTION THEM OR KNOW WHAT WAS SAID

**8)** NEXT, HEARING OFFICER MARLEY SAID HE COULD CONTINUE MY HEARING
FOR UP TO (30) DAYS. THATS NOT CORRECT, A HEARING CAN BE CONTINUED "IF
ANY OF THE FOLLOWING CONDITIONS IS MET, STATED IN KAR. 44-13-402(b)
(1) THROUGH (6). NONE OF THE SIX CONDITIONS WERE MET, AND THERE IS
NOT JUSTIFYING WHY THIS CASE WAS POSTPONED FROM 6-3-2022 UNTIL
6-30-2022 (27) DAYS THIS CASE WAS PUT OFF, THEN I DONT GET SO MUCH AS
A HEADS UP THAT IM HAVING A HEARING AT 5:30 AM IN THE MORNING.
(SEE <u>KAR. 44-13-402</u> IN SUPPORT)

**9)** I FIND THIS TO BE FURTHER RETALIATION DUE TO THIS PRISONER
EXERCISING HIS <u>FIRST</u> AMENDMENT RIGHT BY LITIGATING A PENDING
LAW SUIT CASE NO. <u>5:21-CV-03105-JAR-GEB</u> BECAUSE I TURNED
IN A MANILA ENVELOPE WITH LEGAL PAPERS I REQUESTED
BE-FILED TO THE UNITED STATES DISTRICT COURT FOR

(PAGE-4-OF-9    )    NEXT PAGE →    →    →

DAVID BROWN #57800

CASE NO. 22-05-222

(EXHIBIT-B-6)

(RE: DISCIPLINARY, APPEAL TO SECRETARY/PAGE-5-OF- 9 )

THE DISTRICT OF KANSAS, ~~KANSAS~~ ON 6-28-2022 (TUE), FOR THE
SECOND TIME, AS I NEVER RECEIVED NOTICE OF ELECTRONIC FILING
DOCUMENT, THE MOTION IS TITLED, "INFORMING THIS COURT OF KDOC/EMPLOYEE
CONTINUED RETALIATION, HARASSMENT, AND INTERFERENCE WITH PRO SE
PLAINTIFFS ACCESS TO THE COURTS." AND EXHIBIT-A IN SUPPORT OF
MY MOTION, IS THE DISCIPLINARY REPORT FOR ~~THIS~~ THIS DISCIPLINARY
~~REPORT~~ IM APPEALING NOW ~~CASE NO. 22-05-222 (SEE DOC. NO. 38 TO MY
LAW SUIT CASE NO. 5:21-CV-03105-JAR-GEB) MY LEGAL PAPERS WERE
E-FILED ON 6-30-2022, AND ON 6-30-2022 I WAS FOUND TO BE GUILTY
FOR SOMETHING I DIDN'T EVEN DO! ITS MORE RETALIATION.

10) FINES ARE NOT TO BE ABUSED. FINES ~~SHALL~~ SHALL BE FAIRLY AND
APPROPRIATELY USED. BEING FINED FOR SOMETHING I DIDNT DO IS
NOT FAIR OR APPROPRIATE. AND I WAS FINED EXCESSIVELY. $20.00
AND AS OF 7-4-2022 I HAVE NO MONEY BUT ONLY $21.00. CLEARLY
THIS DISRUPTS FAMILY SUPPORT PAYMENTS. THIS FURTHER SHOWS
H/O MARLEY'S ANGER AND RETALIATORY ATTITUDE AGAINST ME AND
HIS DESIRE TO PUNISH ME. IN VIOLATION OF KAR 44-12-1307
AND/OR THE LAW. IM UNABLE TO GET A JOB AND SHOULD NOT BE
FINED AT ALL. THIS IS JUST ANOTHER TOOL KDOC OFFICIALS USE
TO PUNISH PRISONERS LIKE ME FOR EXERCISING MY FIRST
AMENDMENT RIGHTS. AND BECAUSE KDOC HAS ALREADY POSTED
A JUN. 30th, 2022 $20.00 FINE ON MY ACCOUNT, IT SUPPORTS THE
~~FACT~~ FACT THAT KDOC DOESNT PLAN ON OVERTURNING MY D.R.
UNLESS SOME STAFF MEMBER INTERVENES AND CAUSES

( PAGE-5-OF- 9 )

(EXHIBIT-B-7)

(RE: DISCIPLINARY APPEAL TO SECRETARY/PAGE-6-OF-9)

THE HIGHER RANKING OFFICIALS TO LOOK INTO THIS CASE RATHER THAN PUSHING THE APPEAL THROUGH THE NORMAL RUBBER STAMP BIASED, CORRUPT APPEAL PROCESS.

11.) I DID NOT THREATEN ANY STAFF MEMBER DIRECTLY OR INDIRECTLY! AND THE EVIDENCE SUPPORTS THIS TRUTH. IF I'D OF THREATEND C/O STEVENSON JENIFHER M. OR C/O STAATS JAYSIC W, THEY WOULD OF BEEN PUT DOWN AS WITNESS IN OIC VETTER'S D.R., AND/OR WROTE ME D.R.'S THEMSELVES. AND/OR OIC VETTER WOULD OF DOCUMENTED IT

12) ALL I DID WAS REFUSE TO STAND IN NASTY BACKED UP SEWAGE WATER WHILE I TOOK MY SHOWER IN #6 IN C-2 CELLHOUSE. AND H/O MARLEY REFUSED TO ALLOW ME TO ASK QUESTIONS ABOUT THE SHOWER, CLAIMING THEY DON'T HAVE ANYTHING TO DO WITH MY CHARGE, BUT THAT'S NOT TRUE. MY QUESTIONS ABOUT THE SHOWER SHOW/PROVE OIC VETTER NEVER INTENDED TO ALLOW ME TO TAKE A SHOWER, AND THE D.R. SHE WROTE STATES SHE CAME TO C-2 CELLHOUSE TO MY CELL #145 TO SPEAK TO ME ABOUT A COMPLAINT ABOUT THE SHOWER. OIC VETTER THEN STATES I WAS TOLD TO SHOWER IN SHOWER #6 OR I COULD NOT SHOWER, AND OIC VETTER CLAIMS SHE TOLD ME SHE WOULD INSPECT THE SHOWER TO SEE IF IT WAS IN BAD SHAPE. SO OIC VETTER'S WHOLE D.R. IS TALKING ABOUT THE SHOWER AND H/O MARLEY TELLING ME IT HAS NOTHING TO DO WITH MY CHARGE IS CORRUPT, INCORRECT, BIASED, AND AN ATTEMPT TO PROTECT OIC VETTER'S ILLEGAL RETALIATORY ACTIONS/BEHAVIOR

(PAGE-6-OF-9)    ⇒ NEXT PAGE-

(RE: DISCIPLINARY APPEAL TO SECRETARY / PAGE-7-OF-9    )

AND LEES, BECAUSE OIC VETTER NEVER INTENDED TO INSPECT THE SHOWER TO SEE IF IT WAS IN BAD SHAPE, AS OIC VETTER COMES TO MY CELL WITH A GRIEVANCE IN HER HAND AND PUTS IT IN MY CELL DOOR AND TELLS ME TO FILE A GRIEVANCE AND SHE'LL FILE A WORK ORDER BUT IM NOT GETTING A SHOWER, BEFORE I EVEN HAD A CHANCE TO EXPLAIN THE SITUATION, AND BEFORE SHE LOOKED AT THE SHOWER, AND SHE NEVER INSPECTED THE SHOWER AND LEFT THE CELLHOUSE AS IT WAS ESTABLISHED DURING MY FIRST D.R. HEARING ON 6-3-2022 BY THE HEARING OFFICER, AND THIS SHOWS OIC VETTER LIED IN HER D.R. AND ONLY SAYS WHAT SHE SAYS ABOUT THE SHOWERS IN AN ATTEMPT TO COVER HER ~~████~~ EVIL, BIASED, CORRUPT RETALIATORY DECISION TO DENY ME A SHOWER. ~~████~~ THE WHOLE D.R. IS WROTE IN AN ATTEMPT TO COVER OIC VETTER, C/O STAATS, AND C/O STEVENSONS WRONG DOING, E.G. DEMANDING I STAND IN BACKED UP STINKY SEWAGE WATER WITH CUM/SPIT FLOATING IN THE POND, AND PUBLIC HAIR, ETC, AND BECAUSE I REFUSED TO I WAS DENIED A SHOWER ALTOGETHER,

13) IVE CHANGED, AND IM NOT GONNA THREATEN STAFF. AND AND I DIDNT ON 5-31-2022. THIS D.R. FOR THREATING WILL CAUSE ME TO BE MAX CUSTODY FOR (3) YEARS, IT CAUSED ME TO BE KICKED OUT OF THE STEP DOWN PROGRAM, IT CAUSED ME STRESS, DEPRESSION AND IT COST ME $20.00. IT ALSO IS THE CAUSE OF MY BACK INJURY INDIRECTLY. ALL MY DISCIPLINARY ⟶

( RE: DISCIPLINARY APPEAL TO SECRETARY / PAGE-8-OF- 9 )

RIGHTS WERE VIOLATED, I DIDNT SAY I COULD SPIT ON STAFF OR HEADBUTT THEM, I SAID I DIDNT SPIT ON STAFF, KICK STAFF, HEADBUTT STAFF, THROW SH** ON STAFF, CUSS STAFF OUT OR THREATEN STAFF, I DIDNT DO ANYTHING TO JUSTIFY NOT GETTING A SHOWER, I WANT MY SHOWER ...." THATS WHAT I SAID. PERIOD."

THIS D.R. NEEDS TO BE OVERTURNED AND DISMISSED BECAUSE I DIDNT THREATEN ANYONE AND ALSO NUMEROUS DUE PROCESS RIGHTS ANDOR D.R. HEARING RULES, REGULATIONS, POLICIES WERE IGNORED

AND/OR VIOLATED AND THE STANDARD OF PROOF WAS NOT MET.

AS ITS MORE LIKELY NOT TRUE ~~~~~~ THAT I THREATEN ANYONE DIRECTLY OR INDIRECTLY. AND STILL WHEN IM FOUND GUILTY OF A RULE I DID NOT BREAK, IM CALM AND COLLECT, AND DIDNT CUSS ANYONE OUT FOR THREATEN ANYONE, OR SPIT ON ANYONE. IM PRETTY MUCH A ROLE MODEL INMATE, AND IM GOING TO CONTINUE TO FIGHT THE EVER COMMON, ILLEGAL, RETALIATORY STAFF WITH A PEN AND PAPER.

OIC LETTER IS STILL UPSET AND RETALIATING AGAINST ME FROM YEARS AGO WHEN I EXPOSED HE TALKED PART IN A COWEB AN INMATE TO MASTURBATE WHILE SHE WATCHED HIM. AND IM NOT LYING OR BEING DISRESPECTFUL. IM STATING THE FACTS, TELLING THE TRUTH, EXPLAINING WHY OIC LETTER IS LYING ON ME AND WRITING ME RETALIATORY DISCIPLINARY REPORTS. SHE NEEDS TO STOP!

14) ITS MORE LIKELY THAT IF I WAS GOING TO THREATEN SOMEONE IN OF THREATEND THE STAFF FOR DENYING ME A SHOWER

( PAGE-8-OF- 9 )                    NEXT PAGE →

DAVID BROWN #57800

CASE NO. 22-05-222

(EXHIBIT - B-10)

(RE: DISCIPLINARY APPEAL TO SECRETARY / PAGE-9-OF-9)

FOR NOT STANDING IN SEWAGE WATER, AND THEN THE OIC THAT DENIED ME A SHOWER FOR NO OTHER REASON THAN BECAUSE SHE'S THE OIC IN CHARGE AND HER DECISION WAS TO DENY ME A SHOWER, AND I DID NOTHING WRONG. SHE'S RETALIATION AGAINST ME PLAIN AND SIMPLE: THATS ALL THIS IS. PLEASE THE D.R. SHOULD BE DISMISSED!

David Brown #57800 /B-1/12/EDCF

I, CHRISTOPHER DAVID BROWN BEING COMPETENT TO MAKE THIS DECLARATION AND HAVING PERSONAL KNOWLEDGE OF THE MATTERS STATED THEREIN, DECLARES PURSUANT TO 28 U.S.C. §1746, UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

EXECUTED  7-5-2022  , AT EDCF/B-1/#122
             DATE                        LOCATION

Christopher David Brown
          SIGNATURE

AFTER RECEIVING HEARING OFFICER MARLEY'S HEARING TESTIMONY I ADD TO MY APPEAL WITH THE FOLLOWING INFORMATION/PAGES.

~~[scribbled out line]~~

~~[scribbled out line]~~

~~[scribbled out line]~~

(10,11, AND 12)

(PAGE ? OF X) (PAGE 9-OF-9) PAGES ADDED -

1.) HEARING OFFICER MARLEY HAS FAILED/REFUSED TO DO HIS JOB HONESTLY AND CORRECTLY.

2.) H/O MARLEY OUT RIGHT LIES AND FABRICATE THE TESTIMONY RECORD.

3.) NUMBER ONE H/O MARLEY DOES NOT DOCUMENT THE FACT THAT HE ARGUED WITH ME CLAIMING I SAID I THREATENED STAFF, AND THAT I TOLD HIM I WANTED THAT PHONE RECORD SUBPOENAED AND H/O MARLEY SAYING I DONT HAVE THE SAME RIGHTS IN CRIMINAL COURT AS IN A D.R. HEARING AND I CANT SUBPOENA THE PHONE RECORDS OF MY FIRST HEARING, AND THE H/O MARLEY SAID HE'S GOT #/O OSBORN'S/GALLOWAYS HEARING RECORD AND PULL IT OUT, READ IT, AND SEE'S I'M RIGHT, AND HE WAS WRONG AND HIM BECOM VERY UPSET.

4.) NUMBER TWO, H/O MARLEY CLAIMS HE READS REPORT INTO RECORD, REVIEWS SUMMONS, TIME LIMITS OF RECEIPT, AND WITNESS LIST, AND ALL OF WHICH ARE IN ORDER TO PROCEED WITH THE HEARING. LIAR! I NEVER GOT A SECOND SUMMONS, AND I TOLD H/O MARLEY THAT AND HE STARTED TELLING ME I GOT THE FIRST ONE AND THATS ALL IS REQUIRED TO GET. WHEN IT A LIE AS THE RULE BOOK CLEARLY STATES AN I/M IS TO GET NOTICE OF A HEARING ATLEAST WITHIN 24 HOURS OF THE HEARING AND THAT DID NOT HAPPEN. VAR.-44-13-101   WAS VIOLATED AND BREAKED EVERY H/O MARLEY ATTEMPTS TO KEEP THE RECORD VOID OF SUCH FACT.

5.) H/O MARLEY AGAIN LIE'S IN THAT HE CLAIMS I PRESENTED NO WRITTEN OR VERBAL MOTIONS, AND I DID. I OBJECTED TO THE HEARING VERBALLY BECAUSE I DIDNT GET NOTICE OF THE HEARING VERBALLY OR BY SUMMONS, AND THAT ITS BEEN AROUND 27 DAYS SINCE I HAD MY FIRST HEARING AND NOONE CONTINUED TH HEARING OR NOTIFIED ME AS TO WHAT WAS GOING ON, AND H/O MARLEY WAS SAYING HE CAN CONTINUE THE HEARING FOR 30 DAYS. AND HE DOESNT DOCUMENT ANY OF THIS IN THE RECORD BECAUSE HE'S A LIAR AND WAS LYING TO ME TRYING TO PROVOKE ME INTO CUSSING HIM OUT BUT I DID NOT.

NEXT PAGE →

6.) H/O MARLEY HAS DENIED/REFUSED ME THE RECORD OF THE FIRST HEARING BY PHONE ON 6-3-2022, AND DOES NOT MENTION IT IN HIS HEARING RECORD.

7.) H/O MARLEY REFUSED ME WITNESSES, NOT JUST STAATS AND STEVENSON, BUT ALSO C/O McKINNEY, AND OF COURSE H/O MARLEY DOESN'T DOCUMENT C/O McKINNEY, WHO I HAD A RIGHT TO QUESTION AS HE CLAIMS HE HEARD ME SAY SOMETHING, THROUGH AN INTERCOM FULL OF TOOTHPASTE THAT HAD DRIED AND SEALED IT CLOSE. BUT H/O MARLEY SAYS HE QUESTIONED C/O McKINNEY OUTSIDE MY PRESENCE, WHICH IS PROBABLY ANOTHER LEE, EVEN SO I SHOULD HAVE BEEN ABLE TO QUESTION HIM AND WAS DENIED.

8.) H/O MARLEY DOES NOT DOCUMENT THE FACTS / WORDS / QUESTIONS TRUTHFULLY, OR CORRECTLY. I ASKED OLC VETTER, "DID I THREATEN YOU?" OLC VETTER SAID "YES" I ALSO ASK OLC VETTER "IF C/O STAATS OR C/O STEVENSON TOLD HIM I THREATENED THEM?" AND OLC VETTER SAID, "YES" AND THATS ANOTHER LEE, AS I DIDN'T THREATEN EITHER STAATS OR STEVENSON AND WHEN OLC VETTER SAID THEY TOLD HER I DID I HAD A RIGHT TO QUESTION THOSE OFFICERS, BUT H/O MARLEY WOULDN'T ALLOW ME TO BECAUSE HE KNOWS OLC VETTER A LEAR TOO AND JUST LEED; AND I COULD PROVE IT BY QUESTIONING THESE TWO GUARDS.

9.) H/O MARLEY DOESN'T DOCUMENT ANYTHING ABOUT HOW HE SAID IT DOESN'T MATTER IF I HAD TOOTHPASTE IN THE INTERCOM OR NOT BECAUSE THE TOWER OFFICER CAN STILL HEAR, AND I SAID I WANTED TO DO AN EXPERIMENT AND TOLD HIM TO HAVE THE TOWER GUARD TELL US WHAT I SAY TO YOU WHEN I'M TALKING TO YOU AT THE CELL DOOR, BUT H/O REFUSED TO MAKE PART OF THAT, WHICH WOULD AGAIN PROVE STAATS / C/O McKINNEY LIED ON ME, AND HE DID NOT HEAR ME SAY ANYTHING, BUT THE BEATCH

DAVEN BROWN #57800

I/O WOULDNT WANT THAT.

(EXHIBIT-B-13)

10.) SOMETHING ELSE, I TOLD H/o MARLEY I DIDNT CUSS ANY OF THOSE GUYS OUT, OR THREATEN THEM. IF YOU LOOK AT MY RECENT YOULL SEE I HAD $21000 IN D.R. FINES, CUSSED STAFF OUT, THREATEND THEM AND BATTERED THEM. BUT THATS NOT ME NO MORE, IM NOT CUSSING STAFF OUT OR THREATENING THEM I PICK UP A PEN AND PAPER AND WRITE FORM SVGREIVANCI NOW. AND GUESS WHAT?, H/o MARLEY DID NOT WRITE ME A DISCIPLY REPORT FOR THREATENING, WHICH SUPPORTS THIS D.R. WAS RETRIATORY AND DONE TO PUNISH ME FOR EXERCEISIG MY FIRST AMENDMENT RIGHTS, e.g. LETIGATIN MY LAW SUIT, WRETING FORM-9's, GRIEVANCES, AND APPEALS.

11.) AND LOOKING AT MY D.R. HISTORY, I HAVENT BEEN GETTING D.R.'S AND THE ONES IVE GOTTEN HAVE BEEN RETRIATORY AND LATTER DISMISSED. AS THIS ONE SHOULD BE DISMISSED. BUT THE SANCTION H/o MARLEY GAVE ME ARE EXTREME. IM IN ADSEG Lock DOWN/ DONT HAVE A JOB, AND GET 20.00 FINE, FOR SOMETHING I DIDNT EVEN DO, AND 30 DAYS RESTRICTION AND 7 DAYS DET SEG, AND (3) YEARS MAXIMUM CUSTODY, AND LEVEL ONE, NO VISETS, AND A D.R. THE KS MEMBER REVIEW BOARD CAN USE TO PATS ME AND DENY ME PAROLE AGAIN. AND IVE BEEN A ROLEMODEL PRESONER AND GET ALL THESE SANCTIONS AND EXTREME PUNISHMENTS FOR STAFF LYEING ON ME FOR STAFF RETRIATION, FOR NOT STANDING IN BACKED UP SEWTER WATER.

12.) FOR THE 12 PAGES OF REASON/FACTS MY D.R. GUELTY FINDING SHOULD BE OVER NAMED AND DISMISSED, AND STAFF ENSTRUCTED TO STOP RETREATEN AGAINST ME.

David Brown #57800

EXECUTED ON 7-7-2022

(PAGE-12-OF-12)

*(RE: EXHIBITS TO DOC. NO. 35)*
*(EXHIBIT-A)*



Attachment B, IMPP 11-119
Effective: 12-11-13

# DISCIPLINARY REPORT

<u>EDCF Central</u>
　　(FACILITY)

*DOC NO 35*
*(EXHIBIT-A)*

*EXHIBIT-B-14*

| | | |
|---|---|---|
| Case No. 22-05-222 | Date of Alleged Violation: 05/31/2022 | Time: 1930　A.M. / P.M. |
| Date This Report Written:　05/31/2022 | | Time: 1950　A.M. / P.M. |

Name of Inmate: <u>Brown</u>　　<u>David</u>　　No.　<u>57800</u>　　Cell No:<u>C145</u>
　　　　　　　LAST　　　FIRST　　MI

Duty Assignment:____<u>Segretion Long term step down</u>_____

**Alleged Violation of Law or Rule** *(Identify by Code No., Short Title, and Class)*　<u>44-12-306 Threatening or Intimidating any</u>
<u>person  a  Class I Offense</u>_____
_____

FACTS: <u>I CSI Vetter went over to the C2 side cell 145 to speak with resident Brown. Resident Brown had a complaint about</u>
<u>the shower. He had been told to shower in shower 6 or he could not shower. I told him I would inspect the shower to see if it</u>
<u>was in bad shape. He did not like this answer and stated, " I could spit on and head butt staff for this." Since no one is to</u>
<u>threaten staff directly or indirectly I  Therefore  am writing resident Brown for 44-12-306 Threatening or Intimidating any person.</u>
<u>A class I offense.</u>
　　　　　　　　　　　　(Attach Additional Sheet(s) if necessary)
Staff Witnesses:_____　　(Signature)_____
COI McKinney_____　　Donna K. Vetter　　CSI　　S/M/T
_____　　Printed Name and Title of Employee Writing Report
　　　　　　　　Approved by:　　Capt SLCe
　　　　　　　　　　(Shift Supervisor, Unit Team Manager & Title)

| |
|---|
| *I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct.* |
| Executed on　<u>6/1/22</u>　　　Signature　<u>Vetter</u> |

I received a copy of this report on _____, _____, _____
　　　　　　　　　　(Date)　　(Time)　　　　(Inmate
I served a copy of this report <u>6-1-22</u>　<u>9:33</u>, _____ <u>CSI</u>
　　　　　　　　　　(Date)　　(Time)　　(Signature of Offi

| |
|---|
| *Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be g...* |
| *prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. H...* |

Brown
B1-112

Got at Approx 4:53 Pm
c/o williams B-1/122
DR noton form

*Doc No 35*
*EXHIBIT - 7*
*(Doc No - 35)*

## DISPOSITION OF DISCIPLINARY CASE

| INMATE NAME & NO  # BROWN, DAVID    #57800 | CASE NO. 22-05-222 |
|---|---|

### TESTIMONY

*( EXHIBIT - 15 )*

| Date & Time: 06/30/22    0530 hrs. | Hearing Officer: CSI Marley |
|---|---|

Hearing begins:  In Person

H/O reads report into record, reviews summons, time limits of receipt, and witness list, all of which are in order to proceed with hearing.

Offender sworn in, acknowledges that he received a copy of the DR and Summons.

H/O asks offender for plea to charges Offender plead: Not Guilty

H/O receives any motions from offender: None presented written or verbal.

H/O reviews charges or amendments to charges:  Charges stand as written

H/O reviews evidence and/or video: @1900 hours offender take to shower by the COIs on duty. Appears to refuse shower #6, escorted back to cell without incident. At 1912 back in cell. At 1914 CSI Vetter at door, no one else present. At 1917 CSI Vetter to officers station, at 1918 CSI Vetter to sally port.

Statement: I did not threaten anyone. I told Vetter that I didn't do anything to get beat on a shower. I said I didn't spit on staff, hit staff, cuss staff, kick staff or anything like that to be deny a shower. She said she would inspect the shower then just put a grievance in and she would put a work order in. Just because I wouldn't stand in a foot of sewage water left in the shower. The only person at my cell was Vetter. I never saw McKinney who is listed as a witness. I didn't threaten anyone If I would have it would have been the officer who took me to the shower, not her. She has long standing issue with me.

CSI Vetter sworn in.

Offender: Did you go to the shower and check the sewage in the shower?

R/O: No

Offender: Did staff tell you I threatened you? *"THEM" "I SAID, DID STAFF TELL YOU I THREATEND THEM?" SHE SAID, "YES"*

R/O: Another staff member said you did when I was standing at the door.

H/O interjects and advises that he has received information from COI McKinney that she was in CCH control that day and was listening in on the intercom. H/O officer verifies with CSI Vetter that this is the staff member who also heard the threat to which the answer is yes.

Offender: Staats and Stevenson were working that night and you don't remember who told you.

R/O: No

H/O advises offender to keep line of questions regarding the charge brought against him. The COs that were working in the cell house that night are immaterial as they were not present when the R/O states the threats were made.

Offender: What did they say I said?

R/O: It's not what you said to them, it's what you said to me.

Offender: Did I threaten you?

R/O: Yes

Offender: What did I say? *Per C/o McKinney*

R/O: It's in my report

H/O reads again charges brought against the offender.

Offender has no further questions for R/O.

Offender wishes to call COI Staats and COI Stevenson. H/O denies this request per KAR 44-13-403(n)(2) as neither of these officers were present at or near the cell during this interaction where the alleged offense occurred.

Closing statement: I did not say that, McKinney didn't hear me as I had put toothpaste in the speaker and that blocks the sound. If I had threatened staff I would have threatened everyone. Look at my history, I have tons of staff batteries but I'm not like that anymore. I had an incident with her years back and she's been holding a grudge. When she came over she didn't do it to resolve an issue. She gave me grievance and said she'll put in a work order.

H/O reviews the facts of the case, based off of R/O testimony and previous COI statement that she was listening in the intercom, H/O finds the offender Guilty.

H/O advises of sanctions

| Sanctions: 306—7 Days Dis Seg, 30 Days Rest., $20.00 Fine | *TOLD ME TO FILE A LAW SUIT* |
|---|---|

*NOTE: SENT TABLET FORM 9 TO U.T.M. / RESTRICTIVE HOUSING UNIT ADMINISTRATOR, LEWES NOTICE I WAS SUBMITTING MY D.R., APPEAL TODAY - 7-7-2022*

*NOTE - I GAVE MY APPEAL (12) PAGES TO UNIT. DUE WHRX 2 AT APPROX 12:30 PM/BY 1/122/ERF/7 7-2022*

*(EXHIBIT -B TO DOC NO. 35)*

| INMATE NAME & NO.  # 57800    BROWN, DAVID | CASE NO. 22-05-222 |
|---|---|

☐ Witness(es) Sworn In/Affirmed          _____          *(EXHIBIT -16)*

_____          _____          _____

**Witness(es) Testimony / Cross Examination (Attach Testimony)**

**Closing Statement(s):  (Attach Arguments)**

**If applicable include inmate's testimony/ arguments on restitution**

Sanction(s):    306- 7 Days D/S, 30 Days Rest, $20.00 Fine, Imposed C/S

- _____

- _____

Reason for Sanctions:    Sentence Guidelines _____

Disposition of Evidence: _____    N/A

☒   Inmate advised of right to Appeal,        Inmate Initial  Advised _____

| HEARING OFFICER SIGNATURE    CSI Marley | DATE: 06/30/22 |
|---|---|

**FINAL ACTION BY FACILITY WARDEN:**

☒ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING
☐ AMEND THE CHARGE
☐ DISAPPROVE/DISMISS
☐ REDUCE THE PENALTY
☐ SUSPEND ALL OR PART OF SENTENCE
☐ REMAND NEW HEARING
☐ CLARIFICATION OF RECORD

☐ REDUCE TO SUMMARY JUDGMENT
- restriction from privileges up to 10 days
- fine not to exceed $10.00
- extra work w/o incentive pay for no more
  than 2 hrs/day no more than 5 days
- work w/o incentive pay not to exceed 5 days
- restitution not less than $3.00 or more than
  $20.00

Comments: _____

_____          6. 30 2022

WARDEN/DESIGNEE SIGNATURE          DATE

I received a copy of the Hearing Record and understand I have 15 days to Appeal this decision.

_David Brown #57800 D-1/122/EDCF_          7-7-2022

INMATE SIGNATURE          DATE

**I served a copy of the Hearing Record**

_____          7-7-22

STAFF SIGNATURE          DATE

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.

1) Time vetter files on computer time.

2) puts grievance in my cell door soon as she comes to

my door.

3) All phone time stamps.



(EXHIBIT-B-17)

El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042

# KANSAS
Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary
Tommy Williams, Warden

Laura Kelly, Governor

**TO:** Resident Brown, David #0057800

**DATE:** 8/15/2022

**SUBJECT: Grievance over DR hearing**

**FROM:** UTS B. Buchholz

**FINDINGS OF FACT:** Resident submitted a grievance over the DR process hearing for case #2022-05-00222 C A for threatening staff member. Brown processed to claim that he was not allowed his Due Process required by law. Brown describes the DR process by using phrase that describe his opinion of the purpose it and what he believes to be justice about it. He called the DR process Biased, Fake, Counterproductive, Rubber stamp appeal process, Retaliatory tool KDOC official/staff use to punish prisoners, A fabrication record creator, A give staff impunity process, A Money stealing scam, A ignore KDOC reduces(rules) when they assist a prisoner process, A corrupted process, A punishment process that violates US Constitution, Kansas Constitution, and KDOC rules and regulations as well as policy. Resident Brown claims that CSI Vetter wrote the DR only in retaliation after she was sexually inappropriate toward another resident as she allowed him to masturbate to her. Brown stated that he witnessed her engaging in unprofessional and sexual behavior to encourage the other resident's behavior. He claims that he received a DR after he tried to address her actions. He claims that Vetter left out her action on the incident and only listed his part of the conversation which only happened because he was provoked. Brown stated Vetter provoked him by refusing to pick up letter off(slid) the floor of the cell house. She claims that he threw(slid) the letters at her, but he states that he slid them under the door at her to mail them. Brown states that COI Anderson picked it up instead. This made Brown snap; he did start cussing her out after this using very derogative terms to describe her as a person. Brown claims that he received three more DRs from her over the next couple of weeks. This was years ago and Brown claims that she is still holding a grudge in 2022. Brown claims that during the hearing staff lied. He claims that Vetter is claiming she lied as well as the hearing officer Marley. He created a false record of the hearing. Brown claims that he documented the hearing with 12 pages of truthful facts. Brown claims that the DR appeal process and Grievance process offers no relief to the complaints. He claims that the DR process is corrupt, biases, and illegal. Brown stated that he was not threatening staff and if he was it would be when he was told to stand in sewage water or denied a shower. Brown claim that he DR should have never been approved; found him guilty of it; and overturned during the appeal. Brown ends with that DRs are unjust.

**CONCLUSIONS MADE:** At first glance of your grievance, it was first thought to be a PREA issue and need to be reported to EAI or the PREA Compliance Manager. Then I realize the incident you were talking about happen years ago. I am not to sure why this is relevant to the issue of the DR, and you cannot grieve something that happened several years ago. As I looked back to see when the last time Vetter wrote a DR on you was February 17, 2013. This make me believe that if Vetter was holding a grudge against you that over the next 10 years you would have received more DRs from her since you have been at the facility four out the 10 years. If you are grieving the DR, process this needs to be done through the DR appeal process. In your grievance you claim that even that is corrupt and biases. I would also encourage you might refrain from using derogatory term when addressing other people. Yes, staff must remain professional in their interactions with resident, but your demeanor can affect the ability to maintain the professionalism very difficult. I would like you to get to the point of you issue without adding all the extra

*I WAS ON A BOTTOM RUN CELL. HOW COULD I THROW THEM AT HER?*

(EXHIBIT-B-18)



El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042

# Kansas
### Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary

Laura Kelly, Governor

Tommy Williams, Warden

unneeded information.  Staff can reply faster when they do not have to read several pages of information that does not address the issue at hand.

**ACTION TAKEN:**  No further action required at this time.

Brian M. Buchholz Unit Team Supervisor

NOTE: I AM GRIEVING THE DISCIPLINARY REPORT
~~FOR BEING RETAILATORY~~ FOR BEING RETALIATORY,
FOR BEING FALSE, FOR AN ILLEGAL VIOLATIONS OF DUE
PROCESS, FOR BEING ALL OF THE THINGS IVE STATED.
AND ALL THE INFORMATION EXPLAINS WHY I'M SAYING
WHAT I SAY.



( EXHIBIT-B-19 )

El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042



# KANSAS
Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary

Tommy Williams, Warden

Laura Kelly, Governor

**RECEIVED**

**Date:** AUG 2 6 2022

SEP 0 7 2022

**TO:** Brown, David #57800 B1-122

DOC Facility Management Area

**Re:** Grievance Concerning: K.A.R. 44-15-101a (d) (2) Grievance Procedures and Alternative K.A.R and/or I.M.P.P.

I have reviewed your complaint along with the response provided by UTS B. Buchholz. Based on my review, I feel no further action is necessary. According to KAR 44-15-101a (d) (2): The grievance procedure shall not be used in any way as a substitute for, or as part of; the offender disciplinary procedure, the classification-making process, or the property loss or personal injury claims procedure or the procedure for censorship of publications specified in the Secretary's Internal Management Policy and Procedure. The grievance system shall not challenge the decision of these other procedures.

However, the correct procedures are:
➢ *Disciplinary Reports-K.A.R. 44-13-701 et seq.*
➢ Classification Decision Making- I.M.P.P. 11-106 section V.
➢ Property Loss-K.A.R. 44-16-102 and I.M.P.P. 01-118
➢ Personal Injury-K.A.R. 44-16-104a and I.M.P.P. 01-118
➢ Censorship-I.M.P.P. 12-134
➢ Custody Classification Appeals – I.M.P.P. 11-106 section III B 3

Furthermore, as stated in K.A.R. 44-15-102 (G)(C)(1): "If the warden's answer is not satisfactory, the offender may appeal to the secretary's office by indicating on the grievance appeal form exactly what the offender is displeased with and what action the offender believes the secretary should take. The offender's appeal shall be made within three calendar days of receipt of the warden's decision or within three calendar days of the deadline for that decision, whichever is earlier.

Tommy Williams, Warden
El Dorado Correctional Facility

Cc: Offender
    File
    UTS B. Buchholz

*( EXHIBIT B-20 )*

**APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS**

Inmate Name: _DAVID BROWN_          Facility: _EL DORADO CORR. FAC._

Inmate Number: _#57800_    Grievance Serial No.: _NONE GIVEN (LABELED (Q)_  _DATED 8-11-2022_

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections          Date Mailed: _9-1-2022 (Q)_
714 SW Jackson
Suite 300
Topeka, KS 66603

_I SHOULD BE GETTING DUE PROCESS SINCE IM DENIED PAROLE/FREEDOM FOR D.R.'s LIKE THIS AND CUSTODY_
_FOR 3 THREE YEARS FOR NOTHING I DID NOT DO ANYTHING. THIS IS A COMPLAINT OF STAFF LYING, STAFF_

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you _RETALIATION NO DUE PROCESS I CAN LOSE A CHANCE AT PAROLE AND AT MY STATUTORY RELEASE DATE._
believe the Secretary should take. (Use extra paper as needed.) _IVE STATED MY COMPLAINTS IN THE_
_ATTACHED DOCUMENTS AND INCORPORATE EVERYTHING INTO THIS APPEAL AS IF THE SAME WAS_
_RESTATED FULLY HEREIN. I DID NOT THREATEN ANYONE! THIS IS A FALSE AND RETALIATORY DISCIPLINARY_
_REPORT, MY DUE PROCESS RIGHT WERE COMPLETELY VIOLATED, I WAS KICKED OUT OF A PROGRAM, FUVD, AND_
_PUNISHED FOR REFUSING TO STAND IN NASTY SEWAGE WATER, AND BECAUSE I TOLD STAFF I WAS WRITING THEM UP FOR_
_EVEN ATTEMPTING TO MAKE ME STAND IN SEWAGE WATER AND FOR DENYING ME A STAY IN R WITHOUT ANY SECURITY_
_OR BEHAVIORAL JUSTIFICATION. THE D.R. PROCESS IS A JOKE AND THE_  _David Brown_  _PUNISHING ME FOR_
_Signature of Inmate_
_WARDEN SHOULD HAVE THROWN OUT THE LYING RETALIATORY D.R.'s AS  EXERCISING MY 1ST AMENDMENT RIGHTS IS ILLEGAL. IT'S INSANE THIS D.R. WAS EVEN APPROVED BUT GOES_
_TO SHOW JUST HOW BIASED THE PROCESS IS. UCTR D.R.'s LIKE THIS SHOULD BE REMOVED._

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:                                                              **RECEIVED**

                                                                              SEP 0 7 2022

Conclusions Made:                                                    DOC Facility Management Area

Action Taken:

                                                    _____
                                                    Signature of Secretary of Corrections

**For D.O.C. Staff Use Only**

Type of Response (Item 6b:  Code    01, 02, 08 or 09) _____

DC 090, Effective May 21, 2014



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Department of Corrections

Jeff Zmuda, Secretary

Laura Kelly, Governor

*(RE: RETURNED TO ME BY*
*U.T. BREWER IN A-2/249/EDCF*
*AT APPROX 2:38 AM, ON 10-31-2022*
*MONDAY*

September 7, 2022

TO:    57800 BROWN, DAVID

El Dorado Correctional Facility

RE:    Invalid Grievance

I received your correspondence that included an unnumbered grievance.

KAR 44-15-101 (a)(d)(2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision making process, the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure.

Your complaint is clearly about the inmate disciplinary procedure.  KAR 44-15-101 (a)(d)(2) prohibits use of the grievance procedure to address this concern.

Sincerely,

*Darcie Holthaus*

Darcie Holthaus
Corrections Manager, Facility Management

cc:    Warden Williams
       w/attachments
Image:  SOCRESP
        w/attachments

RECEIVED

OCT 1 2 2022

WARDEN'S OFFICE



US POSTAGE $000.00 º

Hasler
12/16/2022

ZIP 67042
011F11682218

Scanned by
US Marshal

DAVID BROWN #57800

EL DORADO CORRECTIONAL FACILITY

P.O. Box 311

EL DORADO, KANSAS
67042

U.S. COURT OF APPEALS

FOR THE TENTH CIRCUIT

1823 STOUT STREET

DENVER, COLORADO
80257

DEC 16 2022

OTICE: This correspondence w
mailed from an institution operate
by the Kansas Department of
Corrections.
Its contents are uncensor